## BRANDIMORE *v.* DICKENS.

1. Attorney and Client.
   Attorneys are officers of court.

2. Same—Attorney May With Propriety Inform Judge of Error.
   Where judge had been led into error in improvidently appointing receiver, invading rights of interested parties, their attorneys with propriety appeared in court and informed judge of said error.

3. COURTS—RECEIVERS—SUMMARY REVOCATION OF APPOINTMENT—
     COURT RULES—APPEARANCE.

> Where judge, led into error in improvidently appointing re-
> ceiver, was informed of error by attorneys for interested par-
> ties, he had power to summarily revoke said appointment, not-
> withstanding objection to any action until attorneys had
> formally entered appearance and given notice of their pur-
> pose of appearing.

4. SAME—POWER TO CORRECT WRONG.

> Judge may on his own motion correct palpable wrong, and his
> hand is not stayed by invoked formality tending to prolong
> duration of wrong.

Appeal from Wayne; Richter (Theodore J.), J.
Submitted October 7, 1931. (Docket No. 27, Calen-
dar No. 35,334.) Decided December 8, 1931.

Bill by Alfred J. Brandimore against Lewis M.
Dickens to foreclose a mortgage. From an order
vacating appointment of a receiver, plaintiff appeals.
Affirmed.

*Walter M. Nelson,* for plaintiff.

*Yerkes, Goddard, McClintock & Shreve,* for An-
drew C. Sisman Company and Fidelity Trust Com-
pany.

*Bulkley, Ledyard, Dickinson & Wright,* for Union
Guardian Trust Company.

WIEST, J. In the course of protracted litigation
involving real estate, Lewis M. Dickens, who claimed
to be interested, under a trust mortgage, and without
title, executed a mortgage on the property to Alfred
J. Brandimore for $650,000. Brandimore filed the
bill herein to foreclose the mortgage and have a
receiver appointed. Dickens filed consent to the ap-
pointment of a receiver. Upon the bill and such

consent, without notice to persons in possession or interest, a receiver was appointed under a bond of $100, and at once assumed possession. The next morning, attorneys representing parties dispossessed by the receiver appeared in court and informed the judge of the invaded rights of their clients and the impropriety of the appointment of the receiver. The judge sent for the plaintiff's attorney, and he appeared and objected to any action without formal appearance by such attorneys in the case and notice to him of their purpose in appearing before the court. The court summarily heard the matter, and, finding he had improvidently appointed the receiver, set aside the appointment.

Plaintiff asks us to direct the circuit judge to vacate the order discharging the receiver.

The appointment of the receiver was highly improvident, and, had the judge been informed of the situation, the appointment would not have been made. Attorneys are officers of the court, and there was propriety in the attorneys informing the judge of the error he had been led to commit.

The rule of notice, invoked by plaintiff, did not prevent the judge from summarily revoking the improvident appointment. The judge, in such an instance, may act on his own motion and correct a palpable wrong, and his hand is not stayed by invoked formality tending to prolong duration of the wrong. The receiver was inadvertently appointed, and the appointment was rightly revoked.

The order vacating the appointment of the receiver is affirmed, with costs.

Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred. Butzel, C. J., did not sit.