Joseph VERCILLO and Joseph J. Buscemi

v.

Agnes SAKSA.

Civ. No. 1661.

United States District Court N. D. Indiana, Hammond Division.

May 19, 1955.

**740**

Herbert D. Jones, Jr. Chicago, Ill., Harold Hector, Hammond, Ind., for plaintiffs.

F. J. Galvin, Hammond, Ind., for defendant.

SWYGERT, Chief Judge.

The undisputed facts which are material to the issue raised by the motion are as follows: The clerk of the court at Hammond received the complaint on October 15, 1954, and marked it filed. A summons directed to the defendant was prepared and signed by the clerk on the same day. The court's docket indicates that the summons was issued October 15, 1954. Although the clerk had no definite recollection of mailing this summons, it was customary for him to mail summonses to the United States marshal at South Bend immediately upon their "issuance." Presumably, this is what happened in this case. The marshal's return shows that he received the summons on October 18, 1954, and that it was served on the defendant on the following day. This is a suit for personal injuries and the alleged causes of action accrued on October 16, 1952. Indiana law requires such actions to be commenced within two years. § 2–602, Burns' 1946 Replacement.

The question is whether the action was commenced within the period of the statute of limitations.

The Indiana statute on the question of when an action is commenced reads as follows: "A civil action shall be commenced by filing in the office of the clerk a complaint, and causing a summons to issue thereon; and the action shall be deemed to be commenced from the time of issuing the summons;" § 2–802, Burns' 1946 Replacement. For the purpose of determining when the statute of limitations for civil actions based on Indiana causes of action is tolled the federal courts sitting in the State of Indiana are obliged to follow this particular Indiana statute. Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520. Moreover Indiana decisional law must be followed as to the meaning of the term "issuance," in the context of issuance of summons, if any pertinent Indiana law has been declared by the higher state courts.

A number of Indiana cases hold that process must be issued and delivered to the officer who is charged with its service before an action is deemed commenced. The latest pronouncement to this effect is State ex rel. Busick v. Ewing, 1951, 230 Ind. 188, 102 N.E.2d

370. A typical holding is that contained in Coffey v. Myers, 1884, 84 Ind. 105, at page 106, where the court said, "It is no doubt true that in many cases, and for many purposes, the action is not deemed to be commenced until the summons reaches the hands of the officer." This case cites Charlestown School Tp. v. Hay, 74 Ind. 127; Fordice v. Hardesty, 36 Ind. 23; Evans v. Galloway, 20 Ind. 479, and Hancock v. Ritchie, 11 Ind. 48.

It must be noted, however, that none of these Indiana cases have dealt with the specific question of when the statute of limitations is tolled.

The earliest and leading Indiana case, Hancock v. Ritchie, supra, was decided in 1858. This was a proceeding on two promissory notes commenced by foreign attachment under the law of 1843. The affidavit was filed and the writ issued on April 15, 1853. It did not appear that the writ was ever delivered to the sheriff for service. Nothing save the recital in the record that the writ was issued was done until September 26, 1953, when the defendants appeared and filed answer. The question was whether the law of 1843 or the code of 1852, which took effect May 6, 1853, was applicable to the proceeding. This question in turn hinged upon when the action was commenced. In the course of its opinion, the Indiana Supreme Court said: "The statement in the record that the writ *issued*, does not, we think, imply that it was placed in the hands of the sheriff for service. It might have been delivered by the clerk to the plaintiff or his attorneys; but the inference is, that it remained in the clerk's office, as he copies it into the record. We are of the opinion that a delivery of the writ to the sheriff for service, *or something equivalent to such delivery*, was necessary, in order that the action might be deemed to have been commenced." (Emphasis supplied.) The court then cited several New York cases in support of its ruling, and concluded by saying, "These authorities, we think, settle the question." One of the New York cases cited is Ross v. Luther, 1825, 4 Cow., N.Y., 158. This case in turn refers to the holding in Burdick v. Green, 18 Johns., N.Y., 14. In the latter case the New York appellate court said, "There is no doubt as to the rule that the issuing of the writ is the commencement of the suit in all cases where the time is material. We do not think it is indispensably necessary in such cases, to prove an actual delivery of the writ to the sheriff; provided it be shown that it was actually made out and sent to the sheriff or his deputy by mail, or otherwise, with a bona fide and absolute intention of having it served."

After a study of the Indiana cases and the earlier New York cases starting with Burdick v. Green, it becomes clear that the more recent pronouncements by the Indiana Appellate Courts, which hold that commencement of an action means delivery of the process to the sheriff, have not meant to limit the commencement to actual delivery of the writ in the hands of the sheriff. They simply have not had to deal with the question whether the mailing of the process by the clerk to the officer charged with its service is tantamount to actual delivery. But since all the Indiana cases cite Hancock v. Ritchie or cases which in turn rely on the leading Indiana decision, there can be no doubt what the Indiana law is on this specific question. It is that which was laid down in Burdick v. Green, the progenitor of the rulings in Ross v. Luther and in Hancock v. Ritchie.

This conclusion comparts with reason and fairness. The marshal in this district has his main office in South Bend, which is seventy miles from the clerk's office in Hammond. Whether the clerk hands the summons to the marshal or mails it to him should not be determinative in deciding when the writ is deemed issued under the Indiana statute. In either situation the summons has left the hands of the clerk and has been delivered or is in the process of being delivered to the officer. There should be no material difference as to the question of the commencement of the action whether the delivery has been completed or merely has

been started so long as the clerk has done all that he should do under the circumstance to effect the delivery.

The defendant's motion for summary judgment is denied.