Madeline SYLVESTER, Plaintiff,

v.

Lorraine I. MESSLER, Administratrix of
the Estate of Adeline Elizabeth Hough-
ton, Deceased, Defendant.*
Maude OLDFIELD, Plaintiff,

v.

Lorraine I. MESSLER, Administratrix of
the Estate of Adeline Elizabeth Hough-
ton, Deceased, Defendant.

Civ. Nos. 24977, 24978.

United States District Court
E. D. Michigan, S. D.

April 20, 1964.

Zisman & Sabbe, by Eric E. Zisman,
Detroit, Mich., for plaintiff.

Eggenberger, Eggenberger & Ashton,
Detroit, Mich., for defendant.

KAESS, District Judge.

Plaintiff has alleged that she sustained
injuries in an automobile accident that

* The opinions in each case are identical, and only one is published.

1

occurred near Palm Beach, Florida, on February 17, 1961, and defendant has moved to dismiss on the ground that plaintiff's claim is barred by the Michigan statute of limitations. The complaint was filed on February 14, 1964. However, the summons and complaint were not placed in the hands of the United States Marshal for service until March 12, 1964. Instead, plaintiff's attorney attempted to serve the summons and complaint himself. It is conceded that the attempt was made without having first obtained a special appointment for that purpose. See Rule 4(c) of the Federal Rules of Civil Procedure.

 Jurisdiction has been invoked on the basis of diversity of citizenship. In Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, the Supreme Court held that a federal court in a diversity case is required to apply the same rule in determining whether a state statute of limitations has been tolled as the local court would apply, at least where it is made an integral part of the statute.

A definite procedure has been prescribed for tolling the Michigan statute. Mich.Stat.Ann., 1962 Rev., § 27A.5856. Without doubt, it is an integral part of the statute. It must be applied. The cases cited by plaintiff, Bomar v. Keyes, 2 Cir., 162 F.2d 136, and Mohler v. Miller, 6 Cir., 235 F.2d 153, may be distinguished, as they were actions to enforce rights under a federal statute, and not actions arising under local law.

The Michigan statute is tolled in the commencement of an action when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when,

"(3) the complaint is filed and a copy of the summons and com-

plaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

Mich.Stat.Ann., 1962 Rev., § 27A.5856. The period of limitation for plaintiff's claim is three years, or the period prescribed by Florida law, whichever bars the claim. Mich.Stat.Ann., 1962 Rev., §§ 27A.5805, 27A.5861. Thus, the Michigan statute had run.

It is ordered that the action be dismissed.