STATE ACCIDENT FUND *v.* CATSMAN
COMPANY, INCORPORATED.

LIMITATION OF ACTIONS—TOLLING STATUTE—SERVICE OF PROCESS—
ACCELERATED JUDGMENT.

  Compliance with provision of statute which permitted tolling
  of the statute of limitations for not more than 90 days by
  placing a copy of the summons and complaint in good faith
  in the hands of an officer for immediate service *held*, not effect-
  ed, where record shows that on the last day before the 3-year
  statute of limitations expired plaintiff's counsel took the
  complaint and summons to the sheriff's office in Midland
  county, was advised the defendant was in Genesee county some
  58 miles away, took the papers with him, and waited for
  nearly 3 weeks before placing the papers in the hands of
  an officer in Genesee county, there being no showing of an
  arbitrary refusal of papers by an officer, hence, motion for
  accelerated judgment should have been granted (CLS 1961,
  §§ 600.5805, 600.5856).

Appeal from Midland; Holbrook (Donald E.), J.,
presiding. Submitted April 6, 1965. (Calendar No.
3, Docket No 50,571.) Decided July 13, 1965.

Complaint by Michigan State Accident Fund
against Catsman Company, Incorporated, a Michi-
gan corporation, to recover for claims paid under
a policy of insurance to employees of the defendant.

REFERENCES FOR POINTS IN HEADNOTE

34 Am Jur, Limitation of Actions § 258.
Tolling of statute of limitations where process is not served
  before expiration of limitation period, as affected by statutes
  defining commencement of action, or expressly relating to inter-
  ruption of running of limitations. 27 ALR2d 236.

Accelerated judgment for defendant denied.  Defendant appeals.  Reversed.

*Stewart M. Green* and *Peter Monroe,* for plaintiff.

*Foster, Campbell, Lindemer & McGurrin (John L. Collins,* of counsel), for defendant.

Smith, J.  The question is, as defendant says, whether "circumstances surrounding the presentment of a copy of the summons and complaint" to the sheriff's office by plaintiff's counsel, "as disclosed by the affidavits," were sufficient to toll the 3-year statute of limitations.[1]

The cause of action arose out of an accident occurring June 6, 1960, in Midland county.  On June 6, 1963, plaintiff's counsel filed a complaint in the Midland circuit and summons was issued.  Defendant's address was alleged to be in Midland.  On the same date of filing, plaintiff's counsel took a copy of the complaint and summons to the sheriff's department in Midland.  What happened there is essentially what the case is all about.

The question is whether the statute was complied with.  CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856), provides as follows:

"The statutes of limitations are tolled when  *  *  *

"(3) the complaint is filed and a copy of the summons and complaint *in good faith, are placed in the hands of an officer for immediate service,* but in this case the statute shall not be tolled longer than 90 days thereafter."  (Emphasis supplied.)

Defendant's motion for accelerated judgment,[2] which was denied by the trial court, was supported

---

[1] CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805).—Reporter.

[2] See GCR 1963, 116.—Reporter.

by 3 affidavits: one, from a process server in another county, Genesee, who received summons and complaint on June 26, 1963, and made service upon defendant June 27th, approximately 3 weeks after the statute had run, unless, of course, the statute was tolled. Other affidavits by the undersheriff of Midland county and defendant's counsel present matters for interpretation.

The undersheriff deposed that in the early part of June 1963, he had spoken to an individual "who wanted the summons and complaint to be served." There is no doubt that this was one of plaintiff's attorneys. Further, the undersheriff deposed as follows:

"3. I had personal knowledge that Mr. Catsman [defendant's president] resided in Flint, Michigan, and *I advised this individual* [plaintiff's counsel] *to take his papers to the Genesee county sheriff's* department for service of process.

"4. These papers *were not placed in my hands,* for service of process, *nor did I accept them* for service of process and *this individual departed without turning them over to me* or the Midland county sheriff's department for service." (Emphasis supplied.)

In opposition to defendant's motion for accelerated judgment, plaintiff countered with affidavit of counsel which is quoted in part as follows:

"That on June 6, 1963, Alan J. Long, affiant herein, did file the plaintiff's complaint with regard to the above-entitled cause with the county clerk, Midland county. Summons was then and there issued and the *affiant, at the same time, delivered a copy of the complaint and summons* to the sheriff of Midland county *by handing said copy* of complaint and summons *to an officer at the desk* in the sheriff's department. *Said officer accepted* the summons and copy of the complaint and *after having examined same noti-*

*fied the affiant that the defendant could not be found
in Midland county and instructed the affiant to take
the copy* of the complaint and summons to the sheriff
in Genesee county for service. Whereupon the affiant caused the copy of the complaint and summons
to be given to the sheriff in Genesee county on June
26, 1963." (Emphasis supplied.)

Affiants' allegations, conclusionary in part (as to
"placed", "accepted" and "delivered"), cannot obscure what happened. On the last day, when the
clock was ticking away, plaintiff's counsel took complaint and summons to the sheriff's office. The
undersheriff, upon viewing the papers, advised counsel that defendant was not in Midland but in Genesee
county. Whereupon, plaintiff's counsel left and took
the papers with him. There is no claim that the
officer refused the papers. Although the respective
affiants plead opposite conclusions, there is no dispute as to essential objective facts. Plaintiff's counsel obviously agreed with the officer's advice because he took the papers and left. At that point,
having assumed responsibility for getting the papers
to Genesee, it would seem that if counsel were intent
upon in good faith placing the papers in the hands of
an officer for immediate service, he could have done
either one of two things: first, traveled the relatively short distance between Midland and Flint, 58
miles by expressway, or mailed the papers immediately to the Genesee county sheriff under appropriate instructions. He did neither, but waited for
nearly three weeks before placing summons and complaint in the hands of the officer in Genesee county.
When there is no claim or showing of arbitrary refusal of papers by an officer, it is difficult to see how
a last minute's march up to the wrong sheriff's office,
under the circumstances, can operate to toll the statute. We think that it cannot be said that summons

and complaint in good faith were placed in the hands of an officer for immediate service, within the meaning of the rule.

Reversed and remanded.   Costs to defendant.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.