BIENVENIDO FELICIANO, ETC., Plaintiffs and Appellants, *v.* PUERTO RICO AQUEDUCT AND SEWER AUTHORITY ET AL., Defendants and Appellees.

No. R-65-161.     Decided June 24, 1966.

*Mario Báez García* for appellants. *Rieckehoff, Calderón, Vargas
& Arroyo* for the Puerto Rico Aqueduct and Sewer Author-
ity. *Martínez Muñoz, Agrait Oliveras & Otero* for Adolfo
García.

Second Division composed of Mr. Justice Belaval, as Chief Judge
of Division, Mr. Justice Santana Becerra, Mr. Justice Blanco
Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On October 4, 1962, Bienvenido Feliciano, in his capacity
as administrator of the community partnership, brought an
action for damages for the injuries suffered by his wife in
an accident which had occurred ten months previously. The
defendant parties are the Aqueduct and Sewer Authority of
Puerto Rico, the Municipality of Mayagüez, and Mr. Adolfo
García. Summonses were issued on that same date, but they
were not served until January 19, 1965, as to the above-
mentioned governmental agency and on May 6 of that same
year, as to Mr. García. Already, because of lack of prosecu-
tion on the part of the plaintiff, the trial court had entered
orders on July 22, 1963 and February 5, 1964 to show cause

why the action should not be dismissed; the plaintiff stated reasons therefor which were considered sufficient to prosecute the action.[1]

On February 10, 1965, the Authority moved for the dismissal of the complaint alleging that the cause of action had prescribed. It stated that "Although it is true that our Supreme Court has said that the filing of a complaint interrupts the period of prescription, we understand that such doctrine necessarily implies that the filing of a complaint entails, moreover, the perfection of the commencement of a suit. The mere filing does not bring any defendant within the jurisdiction of the Court. We believe that the mere filing of a complaint without perfecting the proceeding, this is without notice being served within reasonable term on the defendant, is not sufficient to interrupt the period of prescription of said action." The trial court subscribed to this contention and granted the dismissal requested.[2]

■ Section 1873 of the Civil Code, 31 L.P.R.A. § 5303, provision of a *substantive character* which governs the matter, provides that prescription of actions is interrupted, among other cases, by their institution before the courts. We have expressed ourselves in the sense that the filing of an action within the period of prescription produces an interruptive effect although the court may lack jurisdiction to take cognizance of the action, *Diez* v. *Green*, 32 P.R.R. 749 (1924), or the action is dismissed upon motion for nonsuit, *Parrilla* v. *Loíza Sugar Co.*, 52 P.R.R. 232, 237 (1937). A

---

[1] The reasons adduced were: On August 1, 1963, the difficulty to serve summons on the defendant "which is composed of several persons, but plaintiff has already located them"; and on February 7, 1964, the transfer of plaintiff to San Juan.

[2] The court believed that the right of action exercised was limited to the filing of the complaint and that on that day a new period of prescription began to run for on that date the effects of the right of action ceased since the plaintiff remained inactive and did not take any further step to prosecute the action with due diligence.

reading of the opinions in the cases cited authorizes us to indicate that in those cases the plaintiffs prosecuted the actions diligently and took the necessary steps for the proceedings. Therefore, we shall examine the question under the bare facts it has now been raised.

█ The most modern gloss contained in the last edition of Scaevola, XXXII *Código Civil* 952–953 (*Instituto Editorial Reus*, 1965), offers us the solution upon discussing the effect of the citation as a means of interruption, comparing it from the points of view of usucapion and extinctive prescription.[3] It says:

"We think that there is no contradiction when the same act, producing such effect, originates it at two different times, depending on the kind of prescription it affects. As a matter of fact, when it is sought to interrupt the usucapion, since what is interrupted with the preliminary of conciliation is the possession on which it is based *the mere intention of interrupting the filing of the citation is not sufficient,* but the real impact on that possession, the restlessness, the cease of peaceful possession, which should peacefully continue so as to engender the acquisition of the title. Consequently, it is necessary that it convey to the possessor that manifest restlessness, that disturbance, that opposition, in short, to the peaceful uninterrupted possession he was enjoying, for, as Planiol says, *it is necessary that in these cases an interpellation [commandment] be made sufficiently energetic so that the possessor may have no doubt as to the intention of the interpellator. Hence, the mere filing of the citation in conciliation, notice of which has not yet been served on the defendant possessor, should lack such effects. On the contrary, it is necessary that he be notified, summoned or cited, so that he may legally know of the restlessness and attack which, with the notice, is sought to be produced in his possessory status.* By the same token, it matters little, that the judge who summons be incompetent, that there be conciliation or not, or the proceed-

---

[3] *Carbó* v. *Portilla,* 53 P.R.R. 669 (1938). See §§ 1845 and 1846 of the Civil Code, 31 L.P.R.A. §§ 5266 and 5267, and *Heirs of Rosa* v. *Heirs of Jiménez,* 77 P.R.R. 521 (1954) and *Calderón* v. *Sociedad Auxilio Mutuo,* 42 P.R.R. 400 (1931).

ing be held or attempted by the plaintiff without effect, because, in any event, that impact has been officially produced in the belief or good faith, in the peaceful possession, which, if produced, at least in fact, is really what matters.

"On the other hand, in extinctive prescription *it is of no significance that the debtor who is benefited by it, have actual knowledge of that impeditive or interrupting intention of his creditor,* as long as, at law, *which is what prevails now, there is proof of a hostile disposition and contrary to any idea of presumption of abandonment of the action which is supposed to prescribe.* For that reason, if the citation in conciliation is presented today and the act or the citation in justice, for circumstances imputable to the court, is not held until two years have elapsed, a prescription which relies only on the nonexercise of the action, can no longer be produced, *because it is interrupted—rather, it is barred—as a result of the interference of an express act, established by the court, showing that there was no intention of abandoning the action and the exercise of our rights has been produced timely.*

"This authorizes us to explain here, in the case of acquisitive prescription, that the running of the period shall be interrupted from the time the defendant has been formally summoned—or has been considered summoned—dispensing also with any idea of the actual prosecution of the act—for, otherwise, the ineffective intent would likewise be invalid to interrupt the possession —because the citation produces, by itself, the effect pursued and from the moment it takes place. *In extinctive prescription, from the actual presentation of the complaint, regardless of the date it bears and regardless of the vicissitudes that may arise subsequent to such presentation, because already it produces by itself the purpose pursued of expressing opposition to a presumption of law of abdication or abandonment of the concrete right.*" (Italics ours.)

Castán Tobeñas,[4] Puig Peña,[5] Manresa[6] express themselves in similar terms. See also the Judgments of the Su-

---

[4] 1-2 *Derecho Civil Español, Común y Foral* 847–848 (1963).

[5] I–II *Tratado de Derecho Civil Español* 449 (1958).

[6] XII *Comentarios al Código Civil Español* 954–958 (1951 ed.).

preme Court of Spain of November 9, 1954, February 19, 1945, February 14, 1928, and June 28, 1926.

The intervener urges that we adopt the construction of some federal courts which hold that in order for the filing of an action to have an interrupting effect the mere filing of the action is not sufficient, and in conformance with Rule 4(a) it is necessary, in addition, to serve notice thereof upon the defendant. *Hoffman* v. *Wair*, 193 F.Supp. 727 (1961), and cases cited at page 733. Irrespective of the differences existing in the statutes on the interruption of prescription of actions, *cf. Sylvester* v. *Messler*, 246 F.Supp. 1 (1964), *Mich. State Acc. Fund* v. *Catsman Co. Incorporated*, 136 N.W.2d 21 (1965); *Sylvestri* v. *Warner & Swasey Co.*, 244 F.Supp. 524 (1965); *Burns* v. *Lewis*, 192 N.E.2d 213 (1962), our civil law tradition requires a converse solution, for the acknowledged principle of interruption is the unmistakable manifestation of one, who threatened with the loss of his right, expresses his wish not to lose it. On the other hand, it being a question of a substantive provision, we doubt that any construction of a rule of procedure can impair its effectiveness.[7] It is significant that under the former Rule 4(c) of Civil Procedure of 1943, which required that summons be served within ninety days after its issuance, we held that this term was directive, and that after its expiration the issuance of a new summons could be authorized. *Salas* v. *Cabassa*, 69 P.R.R. 423 (1948).

■ It is advisable to note that this norm on the interruptive effect which the mere filing of the complaint produces does not constitute a license to delay unjustifiedly the determination of liability of a debtor inasmuch as Rule 39.2 of the Rules of Civil Procedure of 1958 as well as Rule 11 (a)

---

[7] Pursuant to § 6 of Art. V of the Constitution of the Commonwealth of Puerto Rico, the rules of procedure which the Supreme Court may adopt, shall not abridge, enlarge or modify the substantive rights of the parties.

of the Rules of Administration provide for the dismissal of the action for failure to prosecute with diligence or for failure to execute the corresponding proceeding. See, commentaries on Rule 4.3 in 1 *Práctica Forense Puertorriqueña* 18. In the case at bar the court, being aware of plaintiff's inaction, entered the corresponding orders to show cause why the dismissal did not lie and in view of the contentions made, in the exercise of its discretion it permitted the continuance of the legal action. It is not incumbent upon us now, nor was it incumbent upon the trial judge in deciding the motion to dismiss, to pass upon the exercise of discretion of its predecessors.

■ *De Jesús* v. *De Jesús*, 37 P.R.R. 143 (1927) and *Parrilla* v. *Loíza Sugar*, 52 P.R.R. 232, 237 (1937), dispose of the contention that a new period of prescription began to run from the date of the institution of the complaint. It is clear that the new period begins to run from the time that the litigious action, the commencement of which interrupted the period of prescription, ceases. Among the causes of cessation is the dismissal by reason of abandonment, but as we have seen, such circumstance has not taken place in the instant case.

The judgment rendered by the Superior Court, Mayagüez Part, on June 1, 1965, will be reversed and the case remanded for further proceedings.

Mr. Justice Belaval concurs in the result.