### MEYERS v. GEER.

1. LIMITATION OF ACTIONS—TOLLING—STATUTES.

   The intent of the revised judicature act was to fix a definite procedure which would guarantee the tolling of the statute of limitations (CLS 1961, § 600.5856).

2. SAME—TOLLING—STATUTES—SERVICE OF PROCESS.

   Statute of limitations, *held*, not tolled, where record showed that action for automobile negligence was started 1 day before 3-year statute of limitations had run, but summons and copies of complaint were mailed to sheriff for service on defendants 1 day after the 3-year period had run out, no explanation appearing in the record for the delay in mailing (CLS 1961, §§ 600.5805, 600.5856).

3. JUDGMENT—ACCELERATED JUDGMENT—LIMITATION OF ACTIONS.

   Order denying motion for accelerated judgment for defendants *held*, error, in automobile negligence case, where action was started 1 day before 3-year statute of limitations had run, and statute was not tolled because summons and copies of complaint were not in good faith placed in the hands of an officer for service until mailed 1 day after the 3-year period had run without explanation for delay in mailing appearing in record (CLS 1961, §§ 600.5805, 600.5856; GCR 1963, 116.1).

Appeal from Grand Traverse; Brown (Charles L.), J. Submitted Division 3 June 1, 1966, at Grand Rapids. (Docket No. 1,398.) Decided September 27, 1966.

Complaint for automobile negligence by Helena May Meyers against Robert E. Geer and Artis Lee

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 34 Am Jur, Limitation of Actions § 186 et seq.
[2, 3] 34 Am Jur, Limitation of Actions § 247 et seq.

Geer.   From an order denying defendants' motion
for accelerated judgment, defendants appeal.   Re-
versed.

*Zerafa & Zerafa,* for plaintiff.

*Running & Wise,* for defendants.

HOFFIUS, J.   Defendants appeal from the denial
by the trial court of a motion for accelerated judg-
ment claiming that the statute of limitations had
run.   Plaintiff's cause of action arose out of an auto-
mobile accident which occurred February 17, 1962.
Complaint was filed on February 16, 1965, 1 day
before the 3-year statute of limitations[1] had run.
On February 18, 1965, the day after the statute of
limitations had run, plaintiff's attorney mailed the
original summons and copies of the complaint to
the sheriff of Charlevoix county.   No explanation
appears in the record for the delay in mailing the
summons and copies of the complaint to the sheriff.
One of the defendants was served on February 22,
1965, by the Charlevoix county sheriff who furnished
information that service on the other defendant
could be obtained in Kent county.   Service was made
in Kent county on March 2, 1965.

Defendants filed motion for accelerated judgment[2]
claiming that the statute of limitations had run be-
cause copies of the summons and complaint were
not placed in the "hands of an officer for immediate
service" until some time after February 18, 1965.
CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856)
provides as follows:

---

[1] CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805).
[2] See GCR 1963, 116.—REPORTER.

"The statutes of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when,

"(3) the complaint is filed and a copy of the summons and complaint in good faith are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

The intent of the revised judicature act was to fix a definite procedure which would guarantee the tolling of the statute of limitations.

In *State Accident Fund* v. *Catsman Co.* (1965), 376 Mich 194, plaintiff started suit on the last day before the statute of limitations had run. When the attorney delivered the copy of the complaint and summons to the sheriff of the county in which suit was started, he was informed by that officer that the defendant was not in the county and was in another county. The attorney then took the papers and 3 weeks later mailed them to the sheriff of the second county. The Court said at p. 197:

"At that point, having assumed responsibility for getting the papers to Genesee, it would seem that if counsel were intent upon in good faith placing the papers in the hands of an officer for immediate service, he could have done either one of two things: first, traveled the relatively short distance between Midland and Flint, 58 miles by expressway, or mailed the papers immediately to the Genesee county sheriff under appropriate instructions. He did neither, but waited for nearly three weeks before placing summons and complaint in the hands of the officer in Genesee county."

In the case at hand, the complaint was filed before the statute had run, but the summons and com-

plaint were not mailed or delivered in good faith to an officer for service until 1 day after the time fixed by the statute of limitations. Waiting 1 day demands the same result as waiting 3 weeks when confronted with the precise language of CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856). We are therefore of the opinion that the statute of limitations was not tolled.

The motion for accelerated judgment should have been granted, and the order denying the motion is reversed. Costs to defendants.

HOLBROOK, P. J., and BURNS, J., concurred.