## CONSTANTINI v. HOFER.

1. COURTS—ATTORNEYS—OFFICERS.

The members of the State Bar of Michigan are officers of the courts of this State (CLS 1961, § 600.901).

2. LIMITATION OF ACTIONS—TOLLING—CONSTRUCTION OF STATUTES— ATTORNEYS—OFFICERS—SERVICE OF PROCESS.

The tolling statute, which tolls the statute of limitations for 90 days when a copy of the summons and complaint are placed in the hands of "an officer for immediate service", does not use the phrase "officers *of the court*" and the inference may be drawn that the absence of this prepositional phrase is "corroborative evidence" of a lack of intent to consider attorneys as members of this statutory class (CLS 1961, § 600.5856).

3. APPEAL AND ERROR—TOLLING STATUTE OF LIMITATIONS—SERVICE OF PROCESS—ATTORNEYS—OFFICERS.

Holding of lower court that the statute of limitations was not tolled by delivery of the summons and complaint to an attorney for service since an attorney is not an "officer" within the meaning of the tolling statute *held*, correct (CLS 1961, § 600-.5856).

4. SAME—QUESTIONS REVIEWABLE—TOLLING STATUTE OF LIMITATIONS —OFFICERS—SERVICE OF PROCESS.

Whether sheriffs and their deputies are the exclusive officers who may be entrusted with the service of process within meaning of the term "officer" as used in provision for tolling statute of limitations when "copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service" is not determined, where facts of case merely called for determination of whether an attorney was such an officer, and it is held an attorney is not included (CLS 1961, § 600-.5856).

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law § 3.
[2–4] 34 Am Jur, Limitation of Actions §§ 255, 258.

Appeal from Wayne; Swainson (John B.), J. Submitted Division 1 October 7, 1966, at Detroit. (Docket No. 1,368.) Decided January 10, 1967.

Complaint by Dino Constantini against Ellen J. Hofer, a minor, and Owen Rhea, Jr., for personal injuries sustained in an automobile collision allegedly caused by defendants' negligence. Accelerated judgment for defendants. Plaintiff appeals. Affirmed.

*William B. Cope,* for plaintiff.

*Davidson, Gotshall, Kelly, Halsey & Kohl (John R. Secrest,* of counsel), for defendants.

LESINSKI, C. J. Plaintiff appeals an accelerated judgment for defendants below, dismissing the cause of action.

Plaintiff brought a tort action seeking damages for personal injuries which allegedly resulted from defendants' negligence. The automobile accident from which the cause of action arose occurred on June 26, 1962; the applicable statute of limitations would have run by June 26, 1965.[1] On June 8, 1965, suit was filed in Wayne county circuit court; the summons was delivered to another attorney for service; and service was attempted by mailing. On August 13, 1965, summons and complaint were put in the hands of the sheriff of Wayne county and served within the 90-day period. On these facts, defendants moved for an accelerated judgment.

The motion as filed stated that it was a "special appearance with motion to quash" based on the

---

[1] CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605). See, currently, PA 1961, No 236 (CLS 1961, § 600.5805[7], Stat Ann 1962 Rev § 27A.5805[7]).

failure to serve defendants properly under the statute prior to the running of the statute of limitations.

The settled record below reveals that it was plaintiff's contention on argument that an attorney is an "officer" within the contemplation of the tolling statute, revised judicature act, PA 1961, No 236, CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A-.5856),[2] and that the complaint was placed in the hands of an officer in good faith for immediate service on two occasions: first, in delivery to the attorney, and second, in delivery to the sheriff. Defendants refuted plaintiff's contention of compliance with the applicable statutory provision.

The controlling question here presented consists of determining whether an attorney is an "officer" within the contemplation of CLS 1961, § 600.5856, *supra,* so as to toll the statute for the 90-day period.

The defendants relied below, and on appeal, on *State Accident Fund* v. *Catsman Company, Incorporated* (1965), 376 Mich 194, which held that where plaintiff's counsel took the complaint and summons to the sheriff's office in one county on the last day before the statute had expired, and was informed there that the defendant was in another county, and said counsel then took the papers with him and waited three weeks before filing them with an officer in the second county, he could not claim the benefit of the tolling under the statutory provision relied upon in the instant case. The Court held that the motion for accelerated judgment should have been granted below. Although we must agree with plain-

---

[2] "The statutes of limitations are tolled when
(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when
(2) jurisdiction over the defendant is otherwise acquired, or when,
(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

tiff that *State Accident Fund, supra,* did not specifically rule on the question of whether an attorney was an "officer" within the meaning of the statute, it must be noted that if the Court considered that an attorney came within the classification of "officer" the Court might not have found it necessary for plaintiff's counsel to deliver the papers to the *sheriff* in the county where the defendant was situated.

In *Sylvester* v. *Messler* (ED Mich 1964), 246 F Supp 1, the Federal court had before it both a comparable fact situation and the same statute as are before this Court. The Federal court, applying this Michigan statute in a diversity action, held that there was no tolling of the statute. In *Sylvester, supra,* the cause of action for personal injuries resulting from an automobile accident arose on February 17, 1961, and the complaint was filed on February 14, 1964; however, summons and complaint were not put in the hands of the United States marshal for service until March 12, 1964. The plaintiff's *attorney* attempted to serve the summons and complaint himself without having first obtained a special appointment for that purpose. The *Sylvester* court distinguished Federal cases wherein Federal rights were sought to be enforced. *Sylvester* was affirmed, *per curiam,* on appeal. *Sylvester* v. *Messler* (CA 6, 1965), 351 F2d 472. In neither Federal court opinion was the question of whether an attorney was an "officer" within the contemplation of the statute discussed.

Plaintiff premises his contention upon the language of CLS 1961, § 600.901 (Stat Ann 1962 Rev § 27A.901), which reads in part: "The members of the state bar of Michigan are officers of the courts of this state." Case law cited in the annotations to this statement has held that it is permissible for an attorney to fill out a summons after it is signed

and sealed by the clerk, *Potter* v. *John Hutchison Manufacturing Company* (1891), 87 Mich 59; that it is permissible for attorneys to inform the court of its error in improvidently appointing a receiver, *Brandimore* v. *Dickens* (1931), 256 Mich 128; and that as attorneys are officers of the court, courts have the inherent power to admit them to legal practice, *Johnson* v. *DiGiovanni* (1956), 347 Mich 118. In none of these cases has an attorney been held to be an "officer" for the purpose asserted here. It is relevant, in this context, to note that the tolling statute does not say "officer *of the court*", and the inference may be drawn that the absence of this prepositional phrase is "corroborative evidence" of a lack of intent to consider attorneys as members of this statutory class.

Defendants' brief suggests, and plaintiff's brief refutes, an argument to the point that sheriffs and their deputies are the exclusive officers of the court impliedly designated by the tolling statute. The facts of the instant case do not require us to enumerate those who would be within the statutory classification, but merely to determine whether attorneys belong in the class. Therefore, any such listing must await either legislation or a case which requires such denomination for proper adjudication.

We find insufficient merit in the other issues presented by plaintiff on appeal to warrant their discussion here.

Affirmed, costs to appellees.

J. H. GILLIS and HOLBROOK, JJ., concurred.