McMAHILL *v.* MACLEAN

1. LIMITATION OF ACTIONS—TOLLING—METHODS.

Methods of tolling statutes of limitation are precisely designated in the limitation of actions statute (MCLA § 600.5856). .

2. LIMITATION OF ACTIONS—NEGLIGENCE—TOLLING—JURISDICTION—NONRESIDENT MOTORIST STATUTE.

A plaintiff seeking to toll the three-year limitation period for personal and property damage actions by establishing court jurisdiction over a nonresident motorist defendant, has the option of either complying with the tolling provisions of the limitation of actions statute, or by complying with the service of process requirements of the nonresident motorist statute (MCLA §§ 257.403, 600.5805[7], 600.5856[2]).

3. LIMITATION OF ACTIONS—NEGLIGENCE—TOLLING—JURISDICTION—NONRESIDENT MOTORIST—STATUTE.

Jurisdiction over a nonresident motorist, whose vehicle has been involved in a collision in Michigan, is not established under the nonresident motorist statute so as to toll the running of the three-year limitation period for personal and property damage actions, until plaintiff has served a copy of the sum-

REFERENCES FOR POINTS IN HEADNOTES

[1] 34 Am Jur, Limitation of Actions § 186 *et seq.*
[2–5] 8 Am Jur 2d, Automobiles and Highway Traffic § 865.
34 Am Jur, Limitation of Actions §§ 224, 225.
Provision of statute of limitations excluding period of defendant's absence from the state as applicable to a local cause of action against individual who was a nonresident when the same arose. 17 ALR2d 502.
Constitutionality and construction of statute authorizing constructive or substituted service of process on, and continuation of pending action against, foreign representative of deceased nonresident driver of motor vehicle, arising out of accident occurring in state. 18 ALR2d 544.
Who is subject to constructive or substituted service of process under statutes providing for such service on nonresident motorists. 53 ALR2d 1164.

mons upon the secretary of state, or his deputy, and notice of that service, plus a copy of the summons, is forthwith either served upon defendant personally by the sheriff or constable of the county in which defendant resides, or is sent by registered mail to defendant from plaintiff or his attorney (MCLA §§ 257.403, 600.5856[2]).

4. LIMITATION OF ACTIONS—NEGLIGENCE—TOLLING—JURISDICTION—NONRESIDENT MOTORIST STATUTE.

Plaintiffs' negligence action against a nonresident motorist defendant abated when they failed to toll the three-year limitation period by either complying with the tolling provisions of the statutes of limitation or by exercising their option to comply with the service of process requirements of the nonresident motorist statute (MCLA §§ 257.403, 600.5805[7], 600.5856[2]).

5. LIMITATION OF ACTIONS—NEGLIGENCE—TOLLING—JURISDICTION—NONRESIDENT MOTORIST STATUTE—NO EXTENSION OF LIMITATION PERIOD.

The nonresident motorist statute sets forth a service of process procedure by which a plaintiff can establish court jurisdiction over a nonresident motorist defendant, but the legislature did not intend that this procedure should extend the limitations of actions statute to permit a plaintiff to serve the required statutory notice upon a nonresident defendant beyond the prescribed limitation of action period (MCLA §§ 257.403, 600.5805[7]).

Appeal from Saginaw, Eugene S. Huff, J. Submitted Division 3 November 4, 1969, at Grand Rapids. (Docket No. 5,167.) Decided November 25, 1969.

Complaint by Ivan D. McMahill and Dorothy McMahill against Wallace D. MacLean for damages resulting from an automobile collision. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Benton, Hicks, Beltz & Behm* for plaintiff.

*Garan, Lucow & Miller (Matthew A. Seward,* of counsel), for defendant.

Before: Fitzgerald, P. J., and R. B. Burns and Bronson, JJ.

R. B. Burns, J. Plaintiffs appeal from the dismissal of their cause of action, pursuant to a motion for accelerated judgment, on the grounds that the statute of limitation had expired. Plaintiffs' cause of action arose out of an accident which occurred August 11, 1964, in Saginaw county. The defendant was a resident of Windsor, Ontario, Canada. Complaint was filed in Saginaw county circuit court on August 11, 1967, the last day of the three-year statute of limitation. MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805). On the same day plaintiffs mailed a copy of the summons and complaint to the secretary of state in Lansing, Michigan, in accordance with the Michigan nonresident motorist statute, MCLA § 257.403 (Stat Ann 1968 Rev § 9-.2103). Notice was sent by registered mail to the defendant on August 18, 1967.

In their appeal from the dismissal in Saginaw county circuit court, plaintiffs contend that the statute of limitation was tolled when the complaint was filed, and a copy of the complaint and summons was sent to the secretary of state, and later notice was sent by registered mail to the defendant. We disagree.

The methods of tolling the three-year statute of limitation are set forth in MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856), which was enacted to precisely designate at what point the statutes of limitation are tolled. The plaintiff under MCLA § 600-.5856(2) (Stat Ann 1962 Rev § 27A.5856[2]) has the option of tolling the statute by means of complying with MCLA § 257.403 (Stat Ann 1968 Rev § 9.2103) which states in part:

"(a) Service of summons in any action against a person, who at the time of such service is a nonresi-

dent of this state, growing out of any accident or collision in which such person may have been involved while operating a motor vehicle upon a public highway of this state or in which a motor vehicle owned by him may have been involved while being operated with his consent, express or implied, on such public highway, may be made upon the secretary of state as the true and lawful attorney of such person with the same legal force as if served on him personally within this state. Service of such summons shall be made by leaving a copy thereof with the secretary of state, or his deputy, who shall keep a record of each such process and the day and hour of service, *and such service shall be sufficient service upon such nonresident, provided that notice of such service and a copy of the summons are forthwith either served upon the defendant personally by the sheriff or constable of the county in which he resides or sent by registered mail by the plaintiff or his attorney to the defendant.* If personal service of such notice and copy of summons is had upon the defendant the officer making the service shall so certify in his return which shall be filed with the court having jurisdiction of said cause, or if service be made by registered mail then the plaintiff or his attorney shall make an affidavit showing that he has made service of the notice of summons upon the defendant by registered mail as herein provided and the affiant shall attach thereto a true copy of the summons and notice so served and the registry receipt of the defendant and shall file the affidavit and attached papers with the court having jurisdiction of the cause. The court in which the action is pending may order such extension of time as may be necessary to afford the defendant reasonable opportunity to defend the action." (Emphasis added.)

Jurisdiction under this statute, however, is not established, so as to toll the running of the statute of limitation, until plaintiff has fully complied with the provisions. Notice was not sent to defendant forth-

with, in accordance with the provisions, *before* the end of the three-year period following the accident. Therefore, the cause of action abated on August 11, 1967, when the statute was not tolled under MCLA § 257.403 (Stat Ann 1968 Rev § 9.2103) and MCLA § 600.5856(2) (Stat Ann 1962 Rev § 27A.5856[2]).

Plaintiffs' argument suggesting that the legislature intended to permit an extension in time following service of a copy of the complaint and of the summons upon the secretary of state lacks merit. The legislature did not intend to extend the statute of limitation to permit service of notice upon defendant beyond the limitation period; rather, it set forth a procedure by which a plaintiff can establish court jurisdiction over a nonresident motorist defendant. Accordingly, the provisions must be fully complied with within the statutory period. See *Tomkiw* v. *Sauceda* (1965), 374 Mich 381, and *Meyers* v. *Geer* (1966), 4 Mich App 392.

Affirmed. Costs to defendant.

All concurred.