### WISE *v.* SISTERS OF MERCY

1. LIMITATION OF ACTIONS—TOLLING OF STATUTE.

    The statute of limitations is tolled for a maximum of 90 days once the complaint is filed and a copy of the summons and complaint in good faith are placed in the hands of an officer for immediate service (MCLA § 600.5856).

2. LIMITATION OF ACTIONS—TOLLING OF STATUTE—COMPUTATION OF TIME.

    In computing the time allowed for service of process, both under the statute of limitations and the grace period, the first day is to be excluded and the last day included (GCR 1963, 108.6).

3. LIMITATION OF ACTIONS—TOLLING OF STATUTE—GRACE PERIOD—SHERIFF.

    Service of process was not obtained within the maximum tolling period allowed by the Revised Judicature Act where the complaint and summons were placed in the hands of a special deputy sheriff on December 26, 1967, one day before the statute of limitations time expired, and service of the summons and complaint was made on March 27, 1968.

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 January 3, 1970 at Grand Rapids. (Docket Nos. 6,066, 6,067.) Decided January 27, 1970.

Complaint by Viola E. Wise and Walter Wise against the Sisters of Mercy, Bay City Mercy Hospital, Z. E. Taheri, and Bay City Mercy Hospital

REFERENCES FOR POINTS IN HEADNOTES

[1] 34 Am Jur, Limitation of Actions § 254.
[2, 3] 52 Am Jur, Time § 17.
    34 Am Jur, Limitation of Actions § 252.
    Inclusion or exclusion of first and last day for purposes of statute of limitations. 20 ALR 2d 1249.

nurses to recover damages for injuries allegedly sustained as a result of medical malpractice. Accelerated judgment for defendant Taheri. Plaintiff appeals. Affirmed.

*Joseph T. Trogan,* for plaintiff.

*Larry C. Carl,* for defendant Taheri.

Before: V. J. Brennan, P. J., and R. B. Burns and T. M. Burns, JJ.

Per Curiam. This action was brought to recover damages for injuries allegedly sustained as the result of medical malpractice. All parties agree that the cause of action arose, if it arose at all, on December 27, 1965. On December 26, 1967, the complaint and summons were filed against the defendants in the Bay county circuit court, and later the same day copies of the complaint and summons were placed in the hands of a special deputy sheriff of Saginaw county for immediate service. On March 27, 1968, the special deputy filed a return showing that proper service had been made on the defendants that day. Subsequently the defendant Taheri moved for accelerated judgment, claiming that both the 2-year statute of limitations[1] and the 90-day grace period allowed by MCLA § 600.5856[2] had run and that the action was therefore barred. The trial court granted the motion, and we affirm.

Under MCLA § 600.5856, the statute of limitations is tolled for a maximum of 90 days once the complaint and summons are filed and placed in the hands of an officer for immediate service. In computing the time allowed, both under the statute of

---

[1] MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

[2] (Stat Ann 1962 Rev § 27A.5856).

limitations and the grace period, the first day is to be excluded and the last day included. GCR 1963, 108.6. Thus, the statute of limitations began to run in the present case on December 28, 1965 and would have lapsed on December 27, 1967, but for the plaintiffs' placing the complaint and summons in the hands of the deputy one day before, on December 26, 1967. Under GCR 1963, 108.6, the grace period began to run on December 27, the day after the complaint and summons were placed in the deputy's hands. Five days passed in December, 31 in January, and 29 in February, leaving only 25 of the 90 days for service. By midnight of March 25, 1968, the plaintiffs had only one day left in which to obtain service—the one day that remained under the statute of limitations. Service was not obtained, however, until two days later, on March 27. By then the statute of limitations had run.

The trial court was correct in holding that service was obtained after the "maximum tolling period" allowed by the Revised Judicature Act had expired. See *Sera* v. *Eberlein* (1968), 11 Mich App 139.

Affirmed.