KUENZER v. OSBORN

1. LIMITATION OF ACTIONS—TOLLING—PROCESS—MAILING.
   A good-faith mailing to an officer of the summons and a copy of the complaint is the equivalent of physical delivery for the purpose of tolling the statute of limitations and in such a case the 90-day tolling period commences upon mailing (MCLA § 600.5856).

2. LIMITATION OF ACTIONS—TOLLING—PROCESS—MAILING.
   The statute of limitations 90-day tolling period for process which is mailed to an officer rather than manually delivered begins to run when the process is mailed without regard to when, if ever, it reaches the officer; when the process is manually delivered to an officer, the 90-day period begins to run when so delivered (MCLA § 600.5856).

3. LIMITATION OF ACTIONS—TOLLING—PROCESS.
   The burden is on the plaintiff and his attorney to see to it that an officer or someone else effectuates service within the statute of limitations 90-day tolling period and whatever time remained of the statutory limitational period before it was tolled, without regard to whether the process is mailed or manually delivered to an officer (MCLA § 600.5856).

Appeal from Manistee, Charles A. Wickens, J. Submitted Division 3 March 3, 1970, at Grand Rapids. (Docket No. 7,276.) Decided May 28, 1970. Leave to appeal granted September 22, 1970. 384 Mich 757.

Complaint by Lottie Kuenzer and Dewey Kuenzer against Fred Carl Osborn to recover for injuries

---

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 51 Am Jur 2d, Limitation of Actions § 213.

sustained during an automobile accident. Accelerated judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Donald G. Jennings,* for plaintiffs.

*Eugene Christman,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and LEVIN, JJ.

LEVIN, J. On the day before the statute of limitations expired, the plaintiff commenced this action in the Manistee County Circuit Court and mailed a copy of the complaint and summons to the sheriff of Muskegon County where the defendant was a resident. Two days later (*i.e.,* after the expiration of the limitations period) the summons and complaint were received by the Muskegon County sheriff and on the same day they were personally served upon the defendant.[1]

RJA § 5856(3)[2] provides that the statutes of limitations are tolled for a period not longer than 90 days when the complaint is filed and a copy of the summons and complaint are in good faith "placed in the hands of an officer" for immediate service.

The plaintiffs appeal an order of the trial court granting the defendant's motion for accelerated

_____

[1] This is an action for personal injuries arising out of an automobile accident which occurred on November 22, 1965. The complaint was filed November 21, 1968. On the same day plaintiffs' then counsel mailed by certified mail, with return receipt requested, the summons and a copy of the complaint to the sheriff of Muskegon County. On November 23, 1968 the papers were received by the Muskegon County sheriff and on that date they were served on the defendant.

[2] "The statutes of limitations are tolled when * * *

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter." MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

judgment dismissing this action. The trial court ruled that the summons and complaint were not placed "in the hands" of an officer when they were mailed to the Muskegon County sheriff and that by the time the mailed process was delivered to the sheriff the statute of limitations had expired.

Read literally, the words "placed in the hands of an officer" do seem to require that the process be physically placed in his hands. And, thus, while the papers may be mailed to him, the statute is not tolled until they are actually received physically in his hands. However, in *State Accident Fund* v. *Catsman Company, Incorporated* (1965), 376 Mich 194, the Supreme Court of Michigan declared, albeit *in obiter dictum* (p 197):

"it would seem that if counsel were intent upon in good faith placing the papers in the hands of an officer for immediate service, he could have * * * mailed the papers immediately to the Genesee County sheriff under appropriate instructions."[3]

In *Catsman,* the action was filed on the very last day of the limitations period. Accordingly, the Court could not have thought that the mailed papers might arrive within the limitations period. In that context, *Catsman's* dictum is particularly strong dictum.[4]

Members of the profession may have relied upon the *Catsman* dictum, prudently or imprudently. This in itself may be a sufficient reason, until further word from the Supreme Court, for treating mailing of the complaint and summons as the equivalent of physical delivery for the purposes of this tolling provision.

---

[3] This statement was repeated by this Court in *Meyers* v. *Geer* (1966), 4 Mich App 392, 394, 395, again as dicta.

[4] *Cf. In re Cox Estate* (1970), 383 Mich 108, 117.

We know from the official report of the draftsmen of the Revised Judicature Act that the words "placed in the hands of an officer" were not necessarily chosen to differentiate between manual and mail delivery. The committee note[5] to RJA § 5856 states that, "existing Michigan law as stated in *Korby* v. *Sosnowski* (1954), 339 Mich 705, holds that an action at law for damages is commenced when the summons is in good faith placed *in the hands of an officer* for service although service is not actually made until after expiration of the statutes of limitation". (Emphasis supplied.)[6] With that comment in mind we think it just as reasonable to infer that the words "in the hands" were used to preserve as much as possible of "existing Michigan law" as to infer that they were used to differentiate between manual and mail delivery. The view that the words were used to preserve to that extent existing Michigan law is strengthened by the close-following additional comment of the committee:

"The section does not constitute any radical departure from presently accepted principles, but it prescribes a definite procedure to be utilized wherein counsel are informed of the necessary steps which will guarantee the tolling of the statute of limitation."[7]

---

[5] Reprinted as annotation, 34 MCLA, pp 943–945; 23 Stat Ann 1962 Rev, pp 135, 136.

[6] Other cases where the Court described the manner of commencement of suit under the former practice as including placing the process "in the hands of an officer" for service include *Nathan* v. *Rupcic* (1942), 303 Mich 201, 204; *Taylor* v. *Mathews* (1923), 224 Mich 133, 135; *People's Mortgage Corporation* v. *Wilton* (1926), 234 Mich 252, 255; *Home Savings Bank* v. *Young* (1940), 295 Mich 725, 730.

[7] *Catsman's* dictum that mailing will be treated as satisfying the requirement that process be "placed in the hands" of an officer is especially important in view of the committee-note-stated purpose of *informing* counsel "of the necessary steps which will guarantee the tolling of the statute of limitations." To construe these words in a manner inconsistent with the information set forth in the Supreme Court's opinion would tend to defeat this purpose.

Since the critical words "in the hands of an officer" were not newly coined but were taken from prior case law, we may properly assume that the words were used in the sense in which they were understood and used in the earlier cases.[8] An examination of the early cases indicates that sending or transmitting the process to an officer was thought to be the equivalent of placing the process physically in his hands. In *Dedenbach* v. *City of Detroit* (1906), 146 Mich 710, 711, the Court said that it appeared "that the writ was not placed *in the hands* of an officer until December 3, 1904," and then observed (p 711):

"This case is clearly within the rule laid down in the case of *Peck* v. *The German Fire Insurance Company* (1894), 102 Mich 52; *i.e.,* that 'the commencement of suit consists of suing out the summons, and delivering *or transmitting* it to an officer with the *bona fide* intention of having it served.' Such is believed to be the rule generally in this country. See authorities cited in *Peck* v. *Insurance Co., supra.* In Angell on Limitations, § 312, the rule is stated as follows:

" 'The general rule appears to be, in this country, that, at the time of suing out of the writ, the action commences; and *either,* when the writ is delivered to the sheriff, or to his deputy; *or* when it is *sent* to either of them, with a *bona fide* intention to be served upon the defendant, it is considered to have issued.' " (Emphasis supplied.)

It is recognized that in none of the three early cases[9] where language equating "transmittal" with "delivery" appears was it relevant to decision. The language does, however, indicate that the early

---

[8] See 50 Am Jur, Statutes, §§ 278, 279.

[9] *Dedenbach* v. *City of Detroit* (1906), 146 Mich 710; *Peck* v. *The German Fire Insurance Company* (1894), 102 Mich 52, 54; *People, ex rel. McCallum* v. *Gebhardt* (1908), 154 Mich 504, 506.
   See footnote 11.

writers who used the term "in the hands" did not have in mind only manual delivery.

An additional straw in the wind is *Home Savings Bank* v. *Fuller* (1941), 299 Mich 9. There the summons was issued July 13, 1939, with a return day of July 29, 1939, and was mailed to the sheriff on July 24, 1939—the day before the statute of limitations expired—and was received by him on July 26, 1939, one day after the statute expired. An alias summons was issued August 31, 1939. Plaintiff's action was held barred because of the break in continuity resulting from the delay from July 29, 1939 until August 31, 1939 in issuing an alias summons. While there was no discussion in the opinion as to whether the process mailed to the sheriff on the day before the statute would have expired and which arrived the day after it expired tolled the statute, it appears from the basis of the decision that the parties or the Court or both may have assumed that mailing tolled the limitations period.

Under Indiana law an action is not deemed commenced "until the summons reaches the hands of the officer."[10] In *Vercillo* v. *Saksa* (ND Ind, 1955), 131 F Supp 739, process was mailed to the officer before the statute of limitations expired but did not reach him until afterwards. The United States District Court for the Northern District of Indiana ruled, on the authority of *Burdick* v. *Green* (NY, 1820), 18 Johns 14,[11] that it is unnecessary under Indiana law to show that the writ has been actually delivered into the hands of the sheriff, providing it is shown that the writ was actually made out and sent to the

[10] See *Coffey* v. *Myers* (1884), 84 Ind 105, cited in *Vercillo* v. *Saksa* (ND Ind, 1955), 131 F Supp 739.

[11] *Burdick* v. *Green, supra,* was one of the cases cited in support of the passage from Angell on Limitations quoted by the Michigan Supreme Court in *Dedenbach* v. *City of Detroit, supra,* as set out in the text of this opinion preceding footnote 9.

sheriff by mail, or otherwise, with a *bona fide* and absolute intention of having it served. This interpretation of Indiana law by the United States District Court was later adopted by an Indiana appellate court in *Jensen* v. *Fagan* (1964), 138 Ind App 679 (199 NE2d 716).

In earlier cases we have emphasized that the critical words in RJA § 5856 are "good faith" and that this tolling provision, designed to save causes of action, should be given a liberal construction.[12] The centrality of good faith was emphasized in the *Catsman* dictum, *supra,* pp 197, 198.

On pragmatic grounds a construction that mailing suffices makes sense. This action was commenced when the complaint was filed in the City of Manistee, located 85 miles from the City of Muskegon, the county seat of the county where the defendant resided and where presumably the sheriff of that county has his office. If mailing the summons and complaint to the officer did not suffice, then it was necessary for the plaintiffs' attorney to travel 85 miles in each direction to avoid hazarding noncompliance with the statutory requirement. Even if plaintiffs' attorney had done so, he might have experienced difficulty in locating the sheriff or one of his deputies. No constructive purpose is served by an interpretation of RJA § 5856 which would so inhibit plaintiffs in availing themselves of its provisions.

Construing the words "placed in the hands of an officer" to mean that the process is placed in the officer's hands when it is mailed to him, as well as when manually delivered to him, is entirely consistent with the legislative purpose of prescribing "a definite procedure to be utilized wherein counsel are informed of the necessary steps which will guar-

---

12 *Hoseney* v. *Zantop* (1969), 17 Mich App 141; *Bratton* v. *Trojan Boat Company* (1969), 19 Mich App 236.

antee the tolling of the statute of limitation". Such a construction is also entirely consistent with the additionally committee-note-stated purpose of establishing "a maximum tolling period". Where the process is mailed rather than manually delivered, the 90-day period begins to run when the process is mailed without regard to when, if ever, it reaches the officer; when the process is manually delivered, the 90-day period begins to run when so delivered. In both cases a definite and clearly defined 90-day tolling period is established.[13]

Without regard to whether the process is mailed or manually delivered to the officer, the burden is on the plaintiff and his attorney to see to it that the officer or someone else[14] effectuates service within the 90-day period and whatever time remained of the statutory limitational period before it was tolled.

It is no answer to say that plaintiffs' lawyer should not have waited until the last minute. The question before us is: What is the last minute? It does seem inexplicable that lawyers wait until the last minute but, from the number of cases[15] that have reached our Court in the last few years presenting questions

---

[13] By treating mailing as the equivalent of delivery only for the purpose of commencing the 90-day period, tolling would end 90 days after mailing. The time consumed in delivering the mail would count against the 90-day tolling period. If it takes one day for the attorney's letter to reach the sheriff, only 89 days of the tolling period would be left. If the letter never reaches the sheriff, the tolling period would, nevertheless, expire 90 days after mailing.

[14] See *Hoseney* v. *Zantop, supra.*

[15] See *Bush* v. *Watson* (1966), 3 Mich App 94; *Salmanovitz* v. *Dexter-Davison Markets, Inc.* (1969) 17 Mich App 390; *Holland* v. *Ittner* (1969), 16 Mich App 547; *McMahill* v. *MacLean* (1969), 20 Mich App 148; *Buscaino* v. *Rhodes* (1969), 20 Mich App 329; *Wise* v. *Sisters of Mercy* (1970), 21 Mich App 134; *Guastello* v. *Citizens Mutual Insurance Company* (1968), 11 Mich App 120; *DiGiovanni* v. *Yacenick* (1968), 9 Mich App 590; *Sera* v. *Eberlein* (1968), 11 Mich App 139; *Constantini* v. *Hofer* (1967), 5 Mich App 597; *Bratton* v. *Trojan Boat Company, supra; Hoseney* v. *Zantop, supra; Meyers* v. *Geer, supra.*

concerning the construction of RJA § 5856 it appears that many lawyers do so.

The legislature has declared that there shall be a 90-day tolling period both for plaintiffs represented by diligent lawyers and those represented by dilatory lawyers. Indeed, it is probable that the provision is intended more for the benefit of those represented by dilatory lawyers than for those represented by diligent ones.

When a plaintiff has unequivocally committed the complaint and summons to an officer for immediate service, the potential for further delay, depriving the defendant of notice that an action has been commenced against him, is obviated.

We hold that a good-faith mailing to an officer of the summons and a copy of the complaint is the equivalent of physical delivery for the purpose of tolling the statute of limitations and that in such a case the 90-day tolling period commences upon mailing.

The defendant additionally asserts that the plaintiffs failed to enclose "appropriate instructions"[16] with the summons and complaint. However, no magic words are required. Where the necessary information is conveyed, particularized instructions are not required. In this case the sheriff effected service on the same day the papers were received; manifestly the instructions were clear enough.

Reversed and remanded for trial. Costs to plaintiffs.

All concurred.

---

[16] These words appear in the language quoted from *Catsman* in the opening paragraphs of this opinion.