BUSH v. WATSON.

1. LIMITATION OF ACTIONS—NONRESIDENT MOTORISTS—SUBSTITUTED
   SERVICE OF PROCESS.
   The fictional presence of a nonresident defendant motorist in
   the State, imposed by law upon him by appointing the sec-
   retary of State for purposes of service of process, also causes
   the period of limitations to run (CLS 1961, §§ 257.403, 600-
   .5805, 600.5853, 600.5856).

2. SAME—SUSPENSION—NONRESIDENT MOTORIST.
   The statute of limitations is not suspended during the absence
   from the State of a motorist defendant after accident giving
   rise to plaintiff's alleged cause of action, in view of statutory
   method of obtaining service of process upon defendant during
   entire 3-year period (CLS 1961, §§ 257.403, 600.5805, 600.5853,
   600.5856).

3. SAME—NONRESIDENT MOTORIST—TOLLING OF STATUTE.
   Tolling a statute of limitations may only be achieved by method
   contained in the statutes themselves, which do not permit toll-
   ing the statute where the plaintiff is unable to locate a non-
   resident motorist defendant notwithstanding the fact that he
   has made diligent effort to do so (CLS 1961, §§ 257.403, 600-
   .5805, 600.5853, 600.5856.)

4. SAME—ABATEMENT OF ACTION—REGISTERED LETTER.
   Plaintiff's suit against nonresident motorist abated where plain-
   tiff failed to serve upon defendant notice of service on the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 34 Am Jur, Limitation of Actions § 221.
   Statutory provisions denying or limiting right of nonresident, or
   of resident absent from State, to benefit of statute of limitations
   as affected by fact that he was subject to service of process dur-
   ing absence or nonresidence.   94 ALR 485, 119 ALR 859.
[3] 34 Am Jur, Limitation of Actions §§ 186, 187, 216.
[4] 34 Am Jur, Limitation of Actions §§ 247, 256–258.
[5] 34 Am Jur, Limitation of Actions § 222.

secretary of State and copy of summons within 90 days sub-
sequent to the date the cause became outlawed by statute of
limitations, and where it was not shown that defendant ever
refused a registered letter sent in accordance with the statute
(CLS 1961, §§ 600.5805, 600.5853, 600.5856).

5. SAME—FRAUDULENT CONCEALMENT—TOLLING OF STATUTE.
  Fraudulent concealment tolling statute of limitations *held,* not
    applicable where first attempt of plaintiff to contact defendant
    at his stated address was by ordinary letter 7 months after the
    accident, which was returned and marked *unclaimed,* and no
    such attempt to serve defendant was ever made after commence-
    ment of this suit, until more than 6 months after the action
    had abated under the statute of limitations (CLS 1961, § 600-
    .5855).

Appeal from Muskegon; Piercey (John H.), J.
Submitted Division 3 January 4, 1966, at Grand
Rapids.    (Docket No. 385.)    Decided April 26,
1966.

Complaint by Walter J. Bush against Thomas
Watson for injuries arising from an automobile
accident.  Defendant's insurer, appearing on behalf
of defendant, moved for accelerated judgment.
Judgment for defendant.  Plaintiff appeals.  Af-
firmed.

*Paul L. Greer,* for plaintiff.

*Landman, Grimm, Bradbury & Laurin* (*Lou L.
Landman,* of counsel), for defendant.

HOLBROOK, J.  Plaintiff, a resident of Newaygo
county, commenced suit in Muskegon county May 16,
1963, seeking damages from defendant for claimed
injuries suffered in an automobile accident occurring
on highway M–20 in Muskegon county on June 9,
1960.  At the time of the accident, defendant was
a nonresident of this State, and gave his address
as 717 Quindaro, Kansas City, Kansas.

A prior suit was commenced by plaintiff against defendant on March 2, 1962. Service was had upon the secretary of State March 8, 1962, and a notice of service, copy of summons and complaint were sent to the sheriff's office for Wyandotte county, Kansas, for service upon defendant, whose address according to the secretary of State's records at the time was 7933 State, Kansas City. The sheriff returned the papers and wrote, "We have been advised that Watson stayed at the motel at 7933 State Avenue, for approximately three weeks, checking out and leaving no forwarding address." An investigation by plaintiff's counsel disclosed that registered letters sent to defendant at 717 Quindaro, Kansas City, Kansas, as a result of a prior suit commenced in Newaygo county, Michigan, for another injury resulting from the same accident, indicated that he was not residing there at the time.

In the present suit, the secretary of State was properly served with summons on May 21, 1963, however, no attempt was made to serve defendant with a copy of said summons, together with a notice of such service upon the secretary of State, as required by the statute providing for service on nonresident motorists,[1] until February 7, 1964, when plaintiff attempted service by certified mail addressed to defendant at 717 Quindaro Boulevard, Kansas City, Kansas, which was unsuccessful as appears from the affidavit filed.

Plaintiff was informed that State Farm Insurance Company was defendant's insurer, and plaintiff's counsel mailed notice of service on the secretary of State and copy of complaint August 10, 1964, to said company, and informed it that plaintiff was going to take a default judgment. State Farm Insurance Company attempted to locate its insured without

---

[1] CLS 1961, § 257.403 (Stat Ann 1960 Rev § 9.2103).

success. Thereupon said insurance company retained present counsel for defendant who appeared specially to object to the proceedings and move the court for an accelerated judgment dismissing the action because the court lacked jurisdiction of the defendant and because of the running of the statute of limitations.[2]

The trial judge granted defendant's motion for accelerated judgment under GCR 1963, 116, for the reasons: (1) Notice of service on the secretary of State was not served on defendant as required by the statute; (2) The alleged cause of action accrued on June 9, 1960, and was barred by the three-year statute of limitations and by reason of the failure of plaintiff to serve or attempt to serve the required notice on defendant or make return thereof within 90 days extended period granted by the provisions in CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A-.5856),[3] notwithstanding that the whereabouts of the defendant were not known to plaintiff and allegedly could not be ascertained prior to, at the time of, or after filing of the complaint.[4]

From the accelerated judgment of dismissal, plaintiff appeals claiming error by the trial court in ruling: (1) The statute of limitations is not suspended during the absence from this State of a nonresident, when service was timely made upon the secretary of State but no notice served or attempted to be served on defendant by reason of plaintiff's

---

[2] CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

[3] "The statute of limitations is tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when,

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

[4] PA 1961, No 236, § 5853 (CLS 1961, § 600.5853 [Stat Ann 1962 Rev § 27A.5853]).

lack of knowledge of defendant's whereabouts, although plaintiff was diligent in his search for defendant; and (2) In effect that defendant complied with CLS 1961, § 257.619 (Stat Ann 1960 Rev § 9.2319) which requires that he give his address at the scene of the accident.

In considering the first claim of error, we turn to a similar case, that of *Hammel* v. *Bettison* (1961), 362 Mich 396, wherein Mr. Justice KELLY quoted from the Delaware case of *Hurwitch* v. *Adams* (1959), 52 Del 13 (151 A2d 286, 289) on p 405 as follows:

"The fictional presence of a defendant by an agent, imposed by law upon the defendant, brings the defendant within the State for purposes of service of process and the same fiction causes the period of limitations to run.

"To hold otherwise would be to permit a plaintiff, who has a claim against a nonresident operator or owner of a motor vehicle, to ignore indefinitely his right to make use of substituted service of process and bring an action thereunder whenever he chooses without any regard whatsoever for the periods of limitations."

Mr. Justice KELLY further stated on p 408 as follows:

"After consideration of decisions from other jurisdictions and the briefs and appendix submitted on this appeal, this Court adopts the majority decision of the several States, namely: That the statute of limitations is not suspended during the absence from the State of a nonresident motorist."

There is no provision in any statute for tolling of the statute of limitations in the event the plaintiff is unable to locate a nonresident motorist defendant notwithstanding the fact that he has made diligent effort to do so. The only method for tolling the

statute is that contained in the statutes themselves. *Vega* v. *Briggs Manufacturing Company* (1954), 341 Mich 218. The remedy, if any, under these circumstances, is for legislative action.

Upon plaintiff's commencement of suit in May, 1963, and placing the summons in the hands of an officer for service on the secretary of State under the appropriate statute,[5] the limitation statute was tolled for a period not longer than 90 days thereafter. *State Accident Fund* v. *Catsman Company, Incorporated* (1965), 376 Mich 194.

Upon failure of plaintiff to serve upon defendant notice of service on the secretary of State and copy of the summons within 90 days subsequent to June 9, 1963,[6] and where it was not shown that defendant ever refused a registered letter sent in accordance with the statute, plaintiff's suit abated. *Tomkiw* v. *Sauceda* (1965), 374 Mich 381, 386, 387. See, also, 95 ALR2d 1033, 1043, Statutory service on nonresident motorists: return receipts, § 10, and *Bernardt* v. *Scianimanico* (1959), 21 Misc 2d 182 (192 NYS2d 1018); *Kohler* v. *Derderian* (1960, DC NY) 187 F Supp 173 (construing New York statute).

Considering the final claim of error, we turn to the statute plaintiff claims defendant failed to comply with, CLS 1961, § 257.619 (Stat Ann 1960 Rev § 9.2319), which is as follows:

"The driver of any vehicle who knows or who has reason to believe that he has been involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving,

---

[5] CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

[6] Date when this cause became outlawed by reason of the statute of limitations, but for the tolling of such statute for 90 days by commencing suit and placing process in the hands of an officer in good faith for immediate service.

also the name and address of the owner, and exhibit his operator's or chauffeur's license to the person struck or the driver or occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance in securing medical aid or transportation of injured person or persons."

Plaintiff's theory appears to be that if defendant improperly gave his address that it would constitute fraudulent concealment tolling the statute of limitations, under the provisions of CLS 1961, § 600.5855 (Stat Ann 1962 Rev § 27A.5855) which provides:

"If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations."

Plaintiff's position might be tenable providing he had shown defendant guilty of such fraudulent concealment. However, the first attempt by plaintiff or his counsel to contact defendant at his stated address was by way of an ordinary letter mailed January 6, 1961, which was returned and marked "unclaimed". This would be evidence of the fact that defendant was not at that address some six months after the accident. No such attempt to serve defendant was ever made after commencement of this suit, until more than six months had elapsed after the action had abated under the statute of limitations. Under the facts of this case, the fraudulent concealment tolling statute is not applicable.

The granting of the accelerated judgment of dismissal was proper and is affirmed. Costs to defendant.

WATTS, P. J., and FITZGERALD, J., concurred.