HOSENEY *v.* ZANTOP

1. PROCESS—SERVICE—STATUTE OF LIMITATIONS—TOLLING.

> Tender by plaintiff to sheriff of a summons, with instructions to hold it and not to try to serve it until he was advised further *held* not to bar tolling of the statute of limitations on the ground that the summons was not placed with the sheriff for immediate service, where plaintiff was at the time making diligent efforts to serve defendants through the efforts of a private process server, and this method offered a better chance for service than allowing the sheriff to do it (CLS 1961, § 600.5856).

2. PROCESS—SERVICE—DELIVERY OF SUMMONS—STATUTE OF LIMITATIONS—TOLLING OF STATUTE.

> Statute provision requiring that a summons be delivered to the sheriff for immediate service before the statute of limitations can be tolled does not require service by the sheriff; service may be effected during the tolling period by any person eligible to serve process (CLS 1961, §§ 600.5856, 600.1908; GCR 1913, 103).

3. PROCESS—SERVICE—DELIVERY OF SUMMONS—STATUTE OF LIMITATIONS—TOLLING OF STATUTE.

> Statutory requirement that a summons be delivered to the sheriff for immediate service before the statute of limitations can be tolled is complied with if the summons is in good faith delivered to the officer for *the purpose of achieving* immediate service (CLS 1961, § 600.5856).

4. STATUTES—CONSTRUCTION—PURPOSELESS ACTION.

> The law does not require purposeless or self-defeating action, and statutes should be construed with this in mind.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 34 Am Jur, Limitation of Actions §§ 255, 258.
[2] 42 Am Jur, Process §§ 24, 25.
[4] 50 Am Jur, Statutes §§ 291–308.

Appeal from Wayne, Carl M. Weideman, J. Submitted Division 1 December 3, 1968, at Detroit. (Docket No. 3,697.) Decided April 23, 1969. Leave to appeal denied June 23, 1969. See 382 Mich 765.

Complaint by Florence V. Hoseney, administratrix of the estate of Lawrence I. Hoseney, deceased, against Howard W. Zantop and Sue Morris for the wrongful death of Lawrence Hoseney as a result of his being struck by an automobile. Defendants' motion for accelerated judgment denied. Defendants appeal by leave granted. Affirmed.

*Alexander, Buchanan & Conklin* (*John A. Kruse,* of counsel), for defendants.

BEFORE: LEVIN, P. J., and HOLBROOK and ROOD*, JJ.

LEVIN, P. J. On the ground that the applicable statute of limitations bars this action the defendants moved for an accelerated judgment. They appeal, on leave granted, an order of the trial court denying their motion.

Plaintiff's decedent was killed in an accident which occurred February 22, 1962. This action was filed February 17, 1965, within the applicable 3-year limitational period. MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805). On the same day a copy of the summons and complaint were turned over to a private process server, Robert Howard, with instructions to serve both defendants, Howard W. Zantop and Sue Morris, simultaneously as soon as they could be served.

The following day, February 18, 1965, an order suppressing the file in this case was signed by the

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

trial judge. On the next day, February 19, 1965, the summons and complaint were delivered to the Wayne county sheriff's office by plaintiff's attorney with instructions to hold such documents until plaintiff's attorney notified the sheriff's office to make service.[1]

On March 17, 1965, both defendants were served by the private process server, Robert Howard, and one Stackhouse who was assisting Howard.

The reason plaintiff sought and obtained the order of suppression and instructed the sheriff to hold the process was plaintiff's fear that the defendants would avoid service if they learned suit had been commenced and that process servers were out attempting to serve them. In the weeks preceding the filing of this action Howard had made frequent inquiries in an effort to locate Zantop and had been informed he was out of the State. When, because the statute of limitations was about to expire, the filing of this action could no longer be delayed, the complaint was filed and an effort was made by Howard to serve Zantop daily between the date of filing (February 17, 1965) and the date 3 years after the accident (February 22, 1965).

Thereafter, Howard continued his diligent efforts to locate Zantop, making constant inquiry concerning his whereabouts. On March 16, 1965, he learned that Zantop had returned home. Howard then made arrangements for Stackhouse to serve Sue Morris immediately after Howard had served Zantop. This was done the following day, March 17, 1965. It was feared that if Sue Morris, one of Zantop's em-

---

[1] The receipt of the process was not entered in the log, was not numbered or entered in the index and no service fee was paid, but the summons was stamped by the sheriff's office as to time and date and then set aside to await further instructions from plaintiff's attorney.

ployees, was served before Zantop she would inform Zantop and he would avoid service.

The record amply supports the trial judge's finding that the plaintiff believed in good faith that her ability to serve the defendants depended upon maintaining secrecy and, thus, an attempt at service by the sheriff would not only prove ineffectual but would prevent any service within the few days remaining of the 3-year limitational period and the 90-day tolling period:[2]

"The statutes of limitations are tolled when * * *

"(3) the complaint is filed and a copy of the summons and complaint, in good faith, are placed in the hands of an officer *for immediate service,* but in this case the statute shall not be tolled longer than 90 days thereafter." (Emphasis supplied.) MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

If the process is in good faith placed in the hands of an officer for immediate service by him the statute is assuredly complied with and the limitational period is tolled for 90 days.

The defendants contend that the statute of limitations was not tolled in this case because of plaintiff's instructions to the sheriff to hold the summons and complaint and not to attempt to make "immediate service." However, as previously mentioned, both before and after the delivery to the sheriff of a copy of the summons and complaint, Howard, the

---

[2] Since the tolling period is just for 90 days and as a general proposition upon the expiration of the time allowed service can no longer be made even though diligent efforts to effect service during the 90-day period have proved unsuccessful (see *Bush v. Watson* [1966], 3 Mich App 94; *Sera v. Eberlein* [1968], 11 Mich App 139, but *cf. Guastello v. Citizens Mutual Insurance Company* [1968], 11 Mich App 120, 130), plaintiff had good reason to be concerned that an unsuccessful attempt at service by the sheriff, which forewarned the defendants that suit had been commenced against them, might make any timely service impossible.

private process server, was doing his best, albeit without immediate success, to effectuate "immediate service."

While the legislature requires delivery of a copy of the summons and complaint to the officer to show that the plaintiff desires to invoke RJA § 5856 and thereby obtain the advantage of its 90-day tolling period, there is no reason to believe that the legislature preferred diligent efforts by an officer to diligent efforts by a private process server. Indeed, where there is difficulty in effecting personal service, service may be more likely to be effected by a private process server.

Although the revised judicature act requires delivery of a copy of the summons and complaint to an "officer,"[3] such as a sheriff, in order to invoke RJA § 5856's 90-day tolling period, it does not require that the officer himself make the service during the 90-day tolling period. Service may be effected during the 90-day tolling period by any person eligible[4] to serve process.

Nor does the statute require that the copy placed in the hands of the officer have been delivered for service by the officer himself. The provision in the statute requiring that the process be delivered to "an officer for immediate service" is complied with if the process is in good faith delivered to the officer for *the purpose of achieving* immediate service.

Plaintiff Hoseney had already delivered copies of the process to the private process server, Howard, when she delivered copies to the officer. Accordingly, it is clear that plaintiff's purpose in delivering copies to the officer was to invoke RJA § 5856 and thereby make possible during the 90-day tolling

---

3 See *Constantini* v. *Hofer* (1967), 5 Mich App 597.
4 MCLA § 600.1908 (Stat Ann 1962 Rev § 27A.1908); GCR 1963, 103.

period the achievement of service upon the defendants as soon as service could be effected. If plaintiff had not delivered copies to the officer she would not have been entitled to invoke the 90-day tolling period under RJA § 5856. Her purpose in delivering copies to the private process server and the officer was the achievement of "immediate service" during what remained of the 3-year limitational period and the 90-day tolling period. The process was, thus, delivered to the officer for immediate service.

The purpose of providing a 90-day tolling period is to allow additional time within which to effect service. That purpose is better served by a construction of the statute that allows a plaintiff to proceed as this plaintiff did than a construction which would have required the officer in this case to have taken action which would not have effected earlier service on Zantop and which might well have made impossible any service at all on Zantop within the 90-day tolling period and the few days remaining of the limitational period. The law does not require purposeless or self-defeating action.

The revised judicature act's 90-day tolling provision requires good faith action by the plaintiff. The good faith of the plaintiff in this case is shown by her delivery of duplicate copies of the process to the officer and the private process server and the diligent efforts of the private process server.

We think it sufficient that prior to the expiration of the limitational period duplicate copies of the process were delivered by the plaintiff Hoseney (i) to an officer in good faith for the purpose of invoking RJA § 5856 and thereby making possible the achievement of service during the 90-day tolling period and (ii) to Howard, a person eligible to make service, with instructions that the defendants be served as soon as this could be done and that

Howard was in fact diligently attempting to make service from the time he received such process.

Plaintiff, her counsel and the private process server engaged by them energetically attempted to achieve service before expiration of the 3-year limitational period. During the 90-day tolling period they continued their diligent efforts until they finally succeeded in serving both defendants. What they did constituted or was the equivalent of the delivery of the process to the officer for immediate service by himself.

Affirmed. No costs, appellee not having filed a brief.

All concurred.