### COLEMAN *v.* BOLTON

1. LIMITATION OF ACTIONS—TOLLING—PROCESS—SERVICE—OFFICERS —IMMEDIATE SERVICE—STATUTES.

A police officer of one county who serves process in another county issued by a court of that other county is not an officer for immediate service of process within the meaning of the 90-day tolling provision of the statute of limitations; consequently, plaintiff did not toll the three-year limitation period for his negligence action against defendant by filing his complaint and by placing a copy of the complaint and summons, issued by the Oakland County Circuit Court, in the hands of a police officer of Dearborn in Wayne County, for service upon defendant in Oakland County (MCLA § 600.5856).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions § 211.
Tolling of statute of limitations where process is not served before expiration of limitation period, as affected by statutes defining commencement of action, or expressly relating to interruption of running limitations. 27 ALR2d 236.
[2] 51 Am Jur 2d, Limitation of Actions § 463.

2. Limitation of Actions—Defenses—Affirmative Defenses—
   Pleading.

   The statute of limitations is an affirmative defense and is properly
     raised in a party's first responsive pleading; therefore a de-
     fendant properly pleaded the expiration of the three-year period
     for negligence actions in his answer and the trial court erred
     in denying him an accelerated judgment and judgment not-
     withstanding the verdict.

Appeal from Oakland, Robert L. Templin, J. Sub-
mitted Division 2 April 17, 1970, at Detroit. (Docket
No. 7,016.) Decided June 23, 1970.

Complaint by Jack Coleman and Jacqueline Cole-
man against James Bolton for automobile negli-
gence. Verdict and judgment for plaintiffs. De-
fendant appeals. Reversed.

*Thomas J. McKenna,* for plaintiffs.

*Willans, Frisbee & Ryal (Daniel Zolkower,* of
counsel), for defendant.

Before: T. M. Burns, P. J., and Levin and David-
son,* JJ.

Davidson, J. Following a jury verdict rendered
against him on October 1, 1968 and a judgment en-
tered thereon on October 23, 1968, appellant filed a
motion for judgment notwithstanding the verdict
on November 12, 1968. That motion was denied by
the Honorable Robert L. Templin on January 15,
1969 and the court's order was entered on February
5, 1969. This case is here as of right, appellant
having filed his claim of appeal from the order deny-
ing his motion for judgment notwithstanding the
verdict on February 24, 1969.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The parties are in substantial agreement as to the facts, having stipulated thereto pursuant to GCR 1963, 812.10. Suit was filed by the plaintiff in Oakland County Circuit Court on May 11, 1966 on the basis of an alleged cause of action arising on June 3, 1963 as a result of an automobile accident wherein the plaintiffs and defendant were involved.

Service was made at Oxford in Oakland County, Michigan by William H. Kindred, a police officer for the City of Dearborn in Wayne County, Michigan. The process server experienced difficulty in effecting service which was not made until August 4, 1966 when a copy of the summons and complaint was left with the appellant's wife; on August 18, 1966 a copy was personally served upon defendant at the same place.

On August 29, 1966, appellant filed an appearance, answer and affirmative defense raising the statute of limitations as a defense for the alleged reason that the summons and complaint were not placed in the hands of an officer for immediate service prior to June 4, 1966 in conformance with the Revised Judicature Act's 90-day tolling provision. PA 1961, No 236 § 5856, MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

Appellant states that the process server received the summons and complaint for service as a private citizen, while appellee maintains that he was an officer. In his affidavit of proof of service filed on August 22, 1969, Mr. Kindred described himself as a police officer for the City of Dearborn and stated that he had been so employed for approximately 20 years.

On July 20, 1967 defendant filed a motion for summary judgment on the ground that the action was barred by the statute of limitations. The pre-trial summary filed on July 20, 1967 noted that the motion

was to be decided before trial; the motion was denied on February 26, 1968. Defendant again moved for summary judgment on the day before trial and his motion was again denied.

### Issues

*A. Whether a police officer of the City of Dearborn, Wayne County, is an officer for immediate service of process issued from the Oakland County Circuit Court within the meaning of RJA § 5856(3)?*

*B. Whether, in a case where the manner in which service of process was effected is not in dispute, the timeliness thereof under RJA § 5856 can be first attacked in defendant's answer?*

### Discussion

### A. Officer for immediate service

The applicable section of the Revised Judicature Act establishes a method whereby the statute of limitations may be tolled for a maximum period of 90 days. It provides:

"The statutes of limitations are tolled when

(1) The complaint is filed and a copy of the summons and complaint are served on the defendant, or when

(2) Jurisdiction over the defendant is otherwise acquired, or when

(3) The complaint is filed and a copy of the summons and complaint, in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

The Committee Comments following RJA § 5856 show that the purpose of the statute was to enable a plaintiff to avoid the bar of a statute of limitation

by taking the proper steps of establishing a court record and complying with the requirements of a method reasonably calculated to give a defendant notice. The comment contains the following statement:

"It should also be noted that in order to secure the benefit of subsection (3), a copy of the summons and complaint must be placed in the hands of an 'officer' and not just any person of suitable age and discretion."

Service of process may be made by any person of suitable age and discretion not a party to the suit, GCR 1963, 103.1; but such service must be made within the period provided by the statute of limitations. The statute can be tolled by delivering the summons and complaint to an officer for immediate service, but Michigan courts have not clearly defined the terms "officer for immediate service." An attorney, though an officer of the court, is not such an officer. *Constantini* v. *Hofer* (1967), 5 Mich App 597. In that case the court could have enumerated those persons who would come within the statutory classification, but decided instead to "* * * await either legislation or a case which requires such denomination for proper adjudication."

To draw the line of demarcation then between an ordinary person and one who is an "officer" within the meaning of the statute requires this court first to determine what is meant by the term "officer" and then to analyze the relationship between such a person and the courts of this state.

After noting that the words "office" and "officer" are terms of vague and variable import, one publication says:

"Within the ordinary acceptation of the term, one who is engaged to render service in a particular

transaction is not an 'officer.' That word implies continuity of service, and excludes those employed for a special and single transaction." 29 Words and Phrases, *Officer*, p 289.

Such a person is designated further as:

"One who is invested with some portion of functions of government to be exercised for public benefit." Black's Law Dictionary (4th ed), p 1235.

William Kindred, while certainly an officer of the Dearborn Police Department, did not bring with him the above attributes of an officer when serving process for plaintiff's attorney.

There is no doubt that a sheriff or his deputies are empowered to serve process, MCLA § 600.582 (Stat Ann 1962 Rev § 27A.582) as are bailiffs in common pleas court; MCLA § 728.23 (Stat Ann 1962 Rev § 27.3674), and constables or court officers of the district courts, MCLA 1970 Cum Supp § 600-.8321 (Stat Ann 1970 Cum Supp § 27A.8321). As appellant points out, a factor of paramount importance is the legal responsibility of these officers to the court issuing process. Any sheriff or constable who neglects to execute any process assigned to him is subject to disciplinary action, MCLA § 600.587 (Stat Ann 1962 Rev § 27A.587); and he is required to execute a bond in favor of the people of the State of Michigan to secure the faithful performance of his duties, MCLA § 51.68 (Stat Ann 1961 Rev § 5.861). Similarly, a bailiff of the Common Pleas Court of Detroit who fails to serve process issued to him is subject to disciplinary action, including suspension or removal, MCLA § 728.28 (Stat Ann 1962 Rev § 27.3679). He must also execute a bond securing the faithful performance of his duties, MCLA § 728.23 (Stat Ann 1962 Rev § 27.3674).

While William Kindred is of suitable age and discretion to serve process, he is not subject to supervision by the court as are the enumerated officers. Another section of the Revised Judicature Act, PA 1961, No 236, § 1811, MCLA § 600.1811 (Stat Ann 1962 Rev § 27A.1811) does provide that a disinterested person such as William Kindred may be appointed by a judge of the circuit court to serve process upon the following conditions:

1) The sheriff and coroners of the court, are parties, interested or incapacitated to act;

2) The appointment is in writing, signed by the judge; and

3) Such person execute a bond in favor of the people of the state of Michigan if the judge so requires.

A special appointment is necessary to enable such a person to serve process and the person appointed is deemed a coroner of the county, and is liable in all respects to all the provisions of law respecting sheriffs where applicable. The only reasons for invoking this statute as stated in the Practice Commentary following MCLA § 600.1811, are when (1) service by an officer is required for process involving arrest or seizure of property, or (2) service by an officer is desired to toll the statute of limitations.

Appellees argue that they did, in good faith, place the summons and copy of the complaint in the hands of an officer for service several weeks before the statute expired. It is asserted that extreme difficulty was experienced in serving appellant and that several summonses and complaints were given to other process servers in hopes of locating appellant. The case of *Hoseney* v. *Zantop* (1969), 17 Mich App 141,**

---

** *Hoseney* was not followed by this court in *Buscaino* v. *Rhodes* (1969), 20 Mich App 329.

presented this court with somewhat the same situation. The statute of limitations had only three days to run when plaintiff's attorney delivered the summons and complaint to the Wayne County sheriff's office with instructions to hold such documents until notified. Two days prior thereto, process had also been delivered to one Robert Howard, a private process server with instructions to effect service on defendants as soon as possible. Robert Howard did make service on March 17, 27 days after delivery of process to the sheriff. In discussing the question of whether the delivery of process to the sheriff was in good faith and for immediate service, this court said at 145:

"* * * While the legislature requires delivery of a copy of the summons and complaint to the officer to show that the plaintiff desires to invoke RJA § 5856 and thereby obtain the advantage of its 90-day tolling period, there is no reason to believe that the legislature preferred diligent efforts by an officer to diligent efforts of a private process server. Indeed, where there is difficulty in effecting personal service, service may be more likely to be effected by a private process server. * * *"

The language indicates that this court is sympathetic to the plight of plaintiffs faced with the prospect of evasive defendants on the eve of the statute's expiration. This is not, however, a case of balancing the equities or even of procedural due process as appellee suggests, but rather of statutory construction.

In *Hoseney* plaintiff's attorney had taken the one step necessary to invoke the 90-day tolling period—that of placing copies of the process in the hands of an *officer* (the sheriff). This court, in approving the method employed, said at 146:

"If plaintiff had not delivered copies to the officer, she would not have been entitled to invoke the 90-day tolling period under RJA § 5856."

This crucial step was not taken in the instant case.

Similar statutes of sister states shed some light on how the phrase "officer for immediate service" should be construed. Most states, however, have not had occasion to litigate the question of who is and who is not such an "officer." Instead, questions arising under their respective statutes concern the time when the action commenced or what acts constitute delivery or "placing in the hands" of the officer. Others, such as Missouri, have statutes that provide that only the sheriff of the county in which suit is instituted is empowered to serve process. RS Mo (1949) § 506.110 (VAMS § 506.110).

That the authority of the person serving process is paramount and a statute providing for the appointment of private process servers must be strictly complied with is shown by the Wisconsin case of *Moulton* v. *Williams* (1898), 101 Wis 236 (77 NW 918). In that case, failure of plaintiff's attorney to make the affidavit of necessity required by statute for the appointment of a person to serve a summons from a justice court rendered the service made by the server void. After the statute of limitations had expired, a constable did make valid service, but the court held that the action was void as the first process server was without power to serve the summons.

Of the decisions of other states near the point, that of the Wisconsin Court in *Rhode* v. *Quinn Construction Company* (1935), 219 Wis 452 (263 NW 200), is the most helpful. The Wisconsin statute setting the time for the commencement of an action provided as follows:

*"Attempt To Commence Action.* An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of any provision of law which limits the time for the commencement of an action when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other proper officer of the county in which the defendant   *   *   *   resides."

That statute had been borrowed from New York. NY Code Civ Proc (1850) ch 4, §582. The Wisconsin court could find no New York decision construing the words "or other proper person" and looked to the pre-code law of New York for clarification. The court noted at 461:

"It was clearly the common law of the State of New York that the delivery of a proper writ to the sheriff or other proper officer, *such as a coroner* with a *bona fide* and absolute intention to have it served was a commencement of an action within the meaning of the law   *   *   *   .

"So we may say with all confidence that the section which we borrowed from New York in 1858 had a clear and well defined meaning and had been given a definite construction." (Emphasis added.)

It should be noted that officer Kindred was a police officer in the City of Dearborn making service outside of the city limits of Dearborn and in fact in a different county, namely, Oakland, which is the county from which process issued. As a general proposition a city police officer has authority only within the limits of the city employing him and beyond 'the boundaries of the City of Dearborn he would be acting only as a private person, particularly for the purpose of serving civil process.

## B. Pleading the statute

A motion to quash is the accepted manner of attacking defects of service of process. It may be ground for abating or quashing a writ that is not in the proper form; that it is issued in the wrong county; that it was not served in a proper place; that the copy served varies materially from the original, etc. There was no defect in the process in this case nor in the service thereof; Kindred was a disinterested person of suitable age and discretion as required by GCR 1963, 103. The defense raised in defendant's answer was that of the statute of limitations. No claim was made that Kindred was not a suitable person to serve process, but that since he was not an "officer for immediate service" the statute of limitations had expired. This was an affirmative defense, and was properly raised in defendant's answer.

The process server employed by plaintiff's attorney was not an officer for immediate service within the meaning of RJA § 5856 and the statute's tolling provisions did not apply. The accident occurred on June 3, 1963 and the statute of limitations expires three years thereafter, on June 4, 1966. The statute of limitations is an affirmative defense and was properly raised in defendant's answer.

Appellant's motions for accelerated judgment (erroneously called motions for summary judgment) should have been granted. Likewise, his motion for judgment notwithstanding the verdict should have been granted. The decision of the trial court in denying that motion was in error and is reversed with costs to appellant.

All concurred.