## BUSCAINO *v.* RHODES

OPINION OF J. H. GILLIS, P. J.

1. LIMITATION OF ACTIONS—TOLLING—OFFICER—DISCRETION.

   *Statute of limitations 90-day tolling period is not to be construed as a gratuitous extension of time in which a party, provided he places a copy of a summons and complaint in the hands of an officer may further exercise his discretion as to when service will be made (CLS 1961, § 600.5856).*

2. LIMITATION OF ACTIONS—TOLLING—PROCESS—IMMEDIATE SERVICE —OFFICER.

   *Statute of limitations was not tolled since summons and complaint were not placed in the hands of an officer for immediate service, where a copy of the summons and complaint were placed in the hands of a sheriff and at that time plaintiffs' counsel advised the sheriff that one of the defendants was temporarily outside of the state and requested service not to be made on either defendant until the absent one returned (CLS 1961, § 600.5856).*

3. LIMITATION OF ACTIONS—POSTPONEMENT OF EFFECT.

   *Any act or declaration that is to postpone the effect of a statute of limitations is to be clearly scrutinized.*

4. COURTS—COURT OF APPEALS—STARE DECISIS—PRECEDENT.

   *The Court of Appeals is not bound by its decision in a prior case.*

5. APPEAL AND ERROR—LEAVE TO APPEAL—DENIAL.

   *A denial of leave to appeal is an act of judicial discretion and does not constitute an affirmance on the merits.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 6–8] 34 Am Jur, Limitation of Actions §§ 255, 258.
[3] 34 Am Jur, Limitation of Actions §§ 37–46.
[4] 20 Am Jur 2d, Courts §§ 183–203.
[5] 4, 5 Am Jur 2d, Appeal and Error §§ 309, 353, 930.
[9, 10] 41 Am Jur, Pleading §§ 340–343.

CONCURRING OPINION

BRONSON, J.

6. LIMITATION OF ACTIONS—ACCELERATED JUDGMENT—GOOD FAITH—DEFENSES—WAIVER.

*Plaintiffs, who placed a summons and complaint in the hands of a sheriff to toll the statute of limitations for 90 days and at that time told the sheriff to hold the papers because one of the defendants was out of the jurisdiction, might have been allowed to show evidence of good faith at the time defendants moved for accelerated judgment, but they should not be allowed to remain silent and later assert a defense of good faith after accelerated judgment has been rendered (CLS 1961, § 600.5856; GCR 1963, 116).*

DISSENTING OPINION

LEVIN, J.

7. LIMITATION OF ACTIONS—TOLLING—PROCESS—SERVICE—OFFICER—GOOD FAITH.

*Asking an officer at the time a summons and complaint are delivered to him to refrain from attempting to serve defendants until he receives instructions to do so does not necessarily indicate that the process was not delivered in good faith for immediate service, thus tolling the statute of limitations for 90 days; if plaintiffs' attorney in good faith believed that an attempt to effectuate service on both defendants at the same time would prove ineffective because one of the defendants was outside the state or otherwise unavailable, then he might be justified in instructing the officer to refrain from any attempt to serve with a view to later simultaneously serving both defendants (CLS 1961, § 600.5856).*

8. LIMITATION OF ACTIONS—TOLLING—PROCESS—GOOD FAITH—ACCELERATED JUDGMENT—TESTIMONIAL HEARING.

*Plaintiffs who delivered a copy of summons and complaint to an officer with instructions not to serve defendants until he received instructions to do so should be given an opportunity at a testimonial hearing on a motion for accelerated judgment to establish that the process was in fact delivered in good faith, thus tolling the statute of limitations, for the purpose of effecting simultaneous service on both defendants as soon as it could be achieved.*

9. MOTIONS—ACCELERATED JUDGMENT—COMPETING AFFIDAVITS—IS-
SUE OF FACT.

*Accelerated judgment could not properly be granted where com-
peting affidavits presented a disputed issue of fact requiring
a trial hearing (GCR 1963, 116.3).*

10. MOTIONS — ACCELERATED JUDGMENT — TRIAL JUDGE — TRIER OF
FACT.

*A trial judge considering a motion for accelerated judgment may
not anticipate his own role as trier of fact and decide on
competing affidavits alone (GCR 1963, 116).*

Appeal from Branch, Mark S. Andrews, J. Sub-
mitted Division 3 April 8, 1969, at Lansing. (Docket
No. 5,624.) Decided December 3, 1969. Rehearing
denied January 13, 1970. Leave to appeal granted
July 21, 1970. See 383 Mich 807.

Complaint by Ross C. Buscaino and Jeanne Bus-
caino against Terrance Rhodes and Patricia Rhodes
for damages sustained in an automobile collision.
Accelerated judgment for defendants. Plaintiffs ap-
peal. Affirmed.

*Harold J. Smith,* for plaintiffs.

*Richard F. Biringer,* for defendants.

Before: J. H. GILLIS, P. J., and LEVIN and BRON-
SON, JJ.

J. H. GILLIS, P. J. The cause of action in this
case arose out of an automobile accident on Novem-
ber 13, 1964. The suit was commenced on November
7, 1967, six days before the expiration of the statute
of limitations,[1] and on that date a copy of the sum-
mons and complaint were placed in the hands of the
sheriff (for service). At that time counsel for plain-

---

[1] CLS 1961, § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

tiffs advised the sheriff that one of the defendants was temporarily outside the jurisdiction and requested service not to be made on either defendant until the absent one returned.

RJA § 5856[2] provides as follows:

"The statutes of limitations are tolled when * * *
"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer *for immediate service,* but in this case the statute shall not be tolled longer than 90 days thereafter." (Emphasis supplied.)

Service was made on January 2, 1968, within the 90-day period commencing with the date the summons and complaint were given to the sheriff. On January 22, 1968, defendants' attorney moved for accelerated judgment pursuant to GCR 1963, 116.1 (5) on the ground that the statute of limitation had not been tolled but had expired because the summons and complaint had not been given to the sheriff *for immediate service.* The trial court granted the motion in an order dated March 26, 1968. On April 12, 1968, plaintiffs moved to set aside the order and from a denial of that motion they appeal.

The question is whether a copy of the summons and complaint were placed in the hands of the sheriff for immediate service. The 90-day tolling period of § 3 is not to be construed as a gratuitous extension of time in which a party, provided he places a copy of the summons and complaint in the hands of an officer, may further exercise his discretion as to when service will be made. The import of the statute is to facilitate notice to a defendant and to stop the running of the statute of limitation for 90 days to allow defendant to be served by the officer. See committee comment to RJA § 5856. Thus, a plaintiff

---

[2] CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

upon whose claim a statute of limitations is running will not be penalized for the time it takes an officer to serve a defendant, up to 90 days.

In this case plaintiffs' attorney instructed the sheriff to withhold service until further notice because, as stated by affidavit, he "wanted both defendants served at the same time in order to prevent said defendant from avoiding service." One defendant was capable of being served and alternative means were available to serve the defendant who was outside the jurisdiction. A copy of the summons and complaint were not placed in the hands of an officer for immediate service and the statute of limitation was not tolled.

Any act or declaration that is to postpone the effect of a statute of limitation is to be clearly scrutinized. *Glass* v. *Drieborg* (1941), 296 Mich 30. We deem a strict construction of the term "for immediate service" to be consistent with other cases in which § 5856 has been applied or construed. See *Sera* v. *Eberlein* (1968), 11 Mich App 139; *DiGiovanni* v. *Yacenick* (1968), 9 Mich App 590; *Constantini* v. *Hofer* (1967), 5 Mich App 597; *Meyers* v. *Geer* (1966), 4 Mich App 392; *Bush* v. *Watson* (1966), 3 Mich App 94; *State Accident Fund* v. *Catsman Company, Incorporated* (1965), 376 Mich 194.

I have carefully considered *Hoseney* v. *Zantop* (1969), 17 Mich App 141 (leave to appeal denied June 23, 1969, 382 Mich 765), a case which reaches a contrary result. We are not, however, bound by that case, see *Hackett* v. *Ferndale City Clerk* (1965), 1 Mich App 6. Nor is the fact that leave to appeal was denied of any relevance. Such denials are acts of judicial discretion and do not constitute affirmances on the merits. *People* v. *Berry* (1968), 10

Mich App 469. As I am unpersuaded by its reasoning, I decline to follow *Hoseney*.

Affirmed. Costs to appellees.

Bronson, J. (*concurring*). While concurring in the result reached here, I cannot agree that the reasoning and result of this Court's decision in *Hoseney* v. *Zantop* (1969), 17 Mich App 141, should not apply. In *Hoseney* the Court stated:

"Nor does the statute require that the copy placed in the hands of the officer have been delivered for service by the officer himself. The provision in the statute requiring that the process be delivered to 'an officer for immediate service' is complied with if the process is in good faith delivered to the officer for *the purpose of achieving* immediate service.
\* \* \*

"The purpose of providing a 90-day tolling period is to allow additional time within which to effect service. That purpose is better served by a construction of the statute that allows a plaintiff to proceed as this plaintiff did than a construction which would have required the officer in this case to have taken action which would not have effected earlier service on Zantop and which might well have made impossible any service at all on Zantop within the 90-day tolling period and the few days remaining of the limitational period. The law does not require purposeless or self-defeating action."

There the Court used a good-faith test:

"The revised judicature act's 90-day tolling provision requires good faith action by the plaintiff. The good faith of the plaintiff in this case is shown by her delivery of duplicate copies of the process to the officer and the private process server and the diligent efforts of the private process server."

In the present case we find no such evidence of good faith. As Judge Levin notes in dissenting:

"*Hoseney* can, of course, be distinguished from the present case. In *Hoseney* a private process server was at all times, both immediately before and after delivery of the process to the officer, attempting to effectuate service, making constant inquiry whether the defendant Zantop in that case, who was out of the jurisdiction, had as yet returned. As soon as he returned, both defendants were simultaneously served."

Here there is no record of such diligent good faith as that found in *Hoseney*. The trial judge in the present case stated in a written opinion granting defendant's motion for accelerated judgment:

"While physical possession of a copy of the complaint and summons was given to the officer on November 7, 1967, the instructions accompanying such delivery negate any present intention that the same was done in good faith for immediate service thereof."

Indeed plaintiffs' attorney admitted in his answer to motion that

"[Y]our attorney states that the complaint and summons were placed in the hands of the sheriff on November 7, 1967; that at the time your attorney informed the sheriff to hold said papers for the reason that upon information and belief your attorney was informed that one of the defendants was out of the jurisdiction of the State of Michigan."

Judge LEVIN states in his dissent:

"I recognize that in this case the plaintiffs' answer to the defendants' motion for summary judgment did not assert fear that service upon the defendant who admittedly was at all times within this state might cause the other defendant to stay outside the jurisdiction until the statute of limitations had expired. However, the affidavit in support of the petition for rehearing  *  *  *  did so allege."

It is my opinion that, while plaintiffs might have been allowed to show evidence of good faith at the time the motion was made for accelerated judgment, we should not allow them to remain silent and later assert a *Hoseney* defense of good faith after judgment has been rendered on the motion.

I concur with Judge J. H. Gillis in the result but without negating *Hoseney* v. *Zantop* (1969), 17 Mich App 141.

Levin, J. (*dissenting*). Within the time provided in the applicable 3-year statute of limitations,[1] the plaintiffs commenced this action on November 7, 1967 to recover for injuries suffered in an automobile accident which occurred on November 13, 1964. Copies of the summons and complaint were delivered to the sheriff on the same day the action was commenced, but the defendants were not served until January 2, 1968, a date beyond the expiration of the 3-year limitational period but within the 90-day tolling period provided by RJA § 5856(3):

"The statutes of limitations are tolled when  * * *

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer *for immediate service,* but in this case the statute shall not be tolled longer than 90 days thereafter." (Emphasis supplied.) MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

The defendants filed a motion for accelerated judgment asserting that the plaintiffs cannot avail themselves of the 90-day tolling period because the summons and complaint were not "in good faith * * * placed in the hands of an officer for immediate service." The defendants alleged that at the time the plaintiffs' attorney delivered the summons

---

[1] MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

and complaint he told the officer not to attempt to make service and to hold the papers for further instructions.

In response, the plaintiffs' attorney filed an answer conceding that he had asked the officer to hold the papers and stating that he did so "for the reason that upon information and belief your attorney was informed that one of the defendants was out of the jurisdiction of the State of Michigan."[2]

The trial judge granted the defendants' motion for accelerated judgment and filed a written opinion in which he stated:

---

[2] The record in the sheriff's office contains the following notations regarding service of this summons and complaint:

"Hold papers until attorney Smith calls in to serve them. JCW.

"Smith gave the OK to serve these. 12–28–67. WJH.

"Terrance Rhodes is in Florida G.L. 1–2–68 and they don't know when he will be back.

"Complete 1–2–68. LFG."

Plaintiffs' attorney's affidavit in support of their unsuccessful petition for rehearing in the circuit court contains the following averments:

"That he checked the records of the sheriff's department for the first time on April 12, 1968.

"That he also consulted with Deputy Weigt.

"That Deputy Weigt was unable to recall all the details of what occurred on November 7, 1967, when your affiant left the summons and complaint for service upon the defendants; that he recalled that your affiant informed him that the defendants were involved in a divorce proceedings.

"That your affiant informed Deputy Weigt that one of the defendants was on vacation; and that he would have to wait until he returned as your affiant wanted both defendants served at the same time in order to prevent said defendant from avoiding service.

"That your affiant, upon learning that the defendant returned, called the sheriff's department and informed them that the absent defendant had returned and to make service; your affiant at the time did make a record of said call; subsequently in checking with the sheriff's department in person, found that the papers had not been served, and again requested that the papers be served as your affiant was informed that the same defendant was getting ready to leave again; subsequently your affiant again checked and was informed by the sheriff's department that the defendant had left for Florida (the records at the sheriff's office verify this, see attached slip). Your affiant then did some checking and found that said defendant had not left and instead was employed at Knowles Auto Parts, and your affiant then insisted that the sheriff make immediate service."

"While physical possession of a copy of the complaint and summons was given to the officer on November 7, 1967, the instructions accompanying such delivery negate any present intention that the same was done in good faith for immediate service thereof."

In my opinion, the fact that the attorney asked the officer to refrain from attempting to serve the defendants until he received instructions to do so does not necessarily indicate that the process was not delivered in good faith for immediate service. If the plaintiffs' attorney in good faith believed that an attempt to effectuate service on both defendants at that time would prove ineffective because one of the defendants was outside the jurisdiction or otherwise unavailable, the attorney might have been justified in instructing the officer to refrain from any attempt to serve with a view to later simultaneously serving both defendants.

In *Hoseney* v. *Zantop* (1969), 17 Mich App 141 (*leave to appeal denied* 382 Mich 765), one of the two defendants was out of the jurisdiction. The plaintiff feared that if the defendant within the jurisdiction was served the defendant outside the jurisdiction would become aware of the commencement of the action and stay out of the jurisdiction until expiration of the 90-day tolling period to avoid service. For that reason the officer was asked to withhold making service. We held that giving the instruction not to attempt to serve was not necessarily inconsistent with the statutory requirement that the process be delivered to the officer in good faith for immediate service:

"The purpose of providing a 90-day tolling period is to allow additional time within which to effect service. That purpose is better served by a construction of the statute that allows a plaintiff to pro-

ceed as this plaintiff did than a construction which would have required the officer in this case to have taken action which would not have effected earlier service on Zantop and which might well have made impossible any service at all on Zantop within the 90-day tolling period and the few days remaining of the limitational period. The law does not require purposeless or self-defeating action." *Hoseney* v. *Zantop, supra,* p 146.

I recognize that in this case the plaintiffs' answer to the defendants' motion for accelerated judgment did not assert fear that service upon the defendant who admittedly was at all times within this state might cause the other defendant to stay outside the jurisdiction until the statute of limitations had expired. However, the affidavit in support of the petition for rehearing (see footnote 2) did so allege. I think the plaintiffs should be given an opportunity at a testimonial hearing, in the light of the recent decision in *Hoseney,* which had not been published at the time of submission of this appeal, to establish that the process in this case was in fact delivered in good faith for the purpose of effectuating simultaneous service on both defendants as soon as this could in fact be achieved.[3]

Furthermore, even if the plaintiffs cannot establish any legitimate reason for deferring service upon the defendant who was at all times within the jurisdiction, they may still be able to prove that the defendant who, it is claimed, was out of state was in

---

[3] *Hoseney* can, of course, be distinguished from the present case. In *Hoseney* a private process server was at all times, both immediately before and after delivery of the process to the officer, attempting to effectuate service, making constant inquiry whether the defendant Zantop in that case, who was out of the jurisdiction, had as yet returned. As soon as he returned, both defendants were simultaneously served. Nevertheless, at a testimonial hearing the plaintiffs in this case may very well be able to convince the trier of fact that they too acted in good faith and complied with the requirements of the court rule.

fact without the state at the time the process was delivered to the officer and, therefore, that he could not then have been served—that the plaintiffs did in fact deliver the process in good faith for immediate service upon him as soon as it could in fact be achieved. On this question, the competing affidavits of the parties presented a "disputed issue of fact" which could not properly be decided on the affidavits and which required a trial hearing (GCR 1963, 116.3). In considering a motion for accelerated judgment the trial judge may not anticipate his own role as trier of fact;[4] furthermore, the plaintiffs may have been entitled to a jury verdict on this disputed question of fact.[5]

The ends of justice will be best served by remand for a complete testimonial hearing at which the sketchy averments in the affidavits of the parties can be supplemented.

---

[4] *Cf. Zamler* v. *Smith* (1965), 375 Mich 675, 679, 682; *American Parts Co., Inc.,* v. *American Arbitration Association* (1967), 8 Mich App 156, 170.

[5] See 20 MLP, Statute of Limitations, § 18, pp 574, 575.