KYES *v.* PISCO

LIMITATION OF ACTIONS—TOLLING—SERVICE OF PROCESS OFFICERS—
CIRCUIT COURT COMMISSIONER'S CLERK.

> A clerk of a circuit court commissioner, when acting as a process
> server for his own benefit and not in furtherance of his official
> duties, is not an "officer" within the meaning of the statute
> which provides that the period of limitations is tolled for not
> longer than 90 days when "the complaint is filed and a copy
> of the summons and complaint in good faith, are placed in the
> hands of an officer for immediate service" (MCLA § 600.5856
> [3]).

Appeal from Wayne, Benjamin D. Burdick, J.
Submitted Division 1 January 8, 1971, at Detroit.
(Docket No. 6662.)   Decided February 22, 1971.
Decided on rehearing February 18, 1972.   Leave to
appeal applied for March 8, 1972.

Complaint by Alberta Marion Kyes against Vir-
ginia Pisco for automobile negligence.   Accelerated
judgment for defendant.   Plaintiff appeals.   Af-
firmed.   Reversed on rehearing.

*F. M. M. Hally,* for plaintiff.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *Millard
Becker, Jr.*), for defendant.

Before: R. B. BURNS, P. J., and J. H. GILLIS and
DANHOF, JJ.

REFERENCE FOR POINTS IN HEADNOTE
1 Am Jur 2d, Abuse of Process §§ 16, 18.

PER CURIAM. On December 20, 1967, plaintiff instituted suit against defendant for damages arising out of an automobile accident which occurred on December 24, 1964.[1] On or about December 22, 1967, a copy of the complaint was delivered to a clerk in the circuit court commissioner's office who, in addition to his official duties as clerk, also served complaints and summonses to supplement his income. The clerk, acting as process server for plaintiff's attorney, served the complaint on defendant on December 30, 1967. Defendant moved for, and was granted, an accelerated judgment inasmuch as the pertinent statute of limitations had run. GCR 1963, 116.1(5).

On appeal, plaintiff maintains that the statute of limitations had been tolled by delivery of the complaint into the hands of a clerk to a circuit court commissioner. MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856), reads as follows:

"The statutes of limitations are tolled when
"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when
"(2) jurisdiction over the defendant is otherwise acquired, or when
"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter."

The critical issue in this case can be framed thus: whether a clerk to a circuit court commissioner who acts as a process server on his own behalf and not

---

[1] As can be easily seen, suit was begun before the statute of limitations had run but service on defendant was not completed until after the expiration of the statute. MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

in the furtherance of his official duties is an "officer" within the purview of the above-cited statute. Initially, it is necessary to point out that the instant case is not the situation as in *Buscaino* v. *Rhodes* (1969), 20 Mich App 329, where we held that the statute is not tolled by placing copies of the summons and complaint in the hands of the sheriff for service of process but with the request that service be delayed, since such service is not "immediate" within the meaning of the section.[2] Several other decisions are more germane to the discussion of the question before us. In *Coleman* v. *Bolton* (1970), 24 Mich App 547, we held that a police officer who acts as a private citizen and not as a public agent in serving process is not such an "officer" within § 5856 of the Revised Judicature Act. *Salmanovitz* v. *Dexter-Davison Markets, Inc.* (1969), 17 Mich App 390, is another decision holding to the same effect and one we find essentially identical to the controversy at bar. In that case, service of process by a bailiff for circuit court commissioners, acting as a private individual, was found not to stay the running of the statute of limitations. The Court noted, at 391, 392:

"Any service of process unconnected with the commissioner is beyond the bailiff's official statutory power. When he accepts papers to be served from another person or entity not connected with the commissioner, the bailiff acts as an ordinary citizen or layman. As such, he is able to serve process on his own, but he cannot be considered an *officer of the court for immediate service* which would toll the statute of limitations for 90 days under CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856[3])."

---

[2] For a *contra* holding, see *Hoseney* v. *Zantop* (1969), 17 Mich App 141.

While the clerk may well have been a person of suitable age and discretion to act as process server under GCR 1963, 103.1, he was not such an officer as to effect a tolling of the statute under RJA § 5856.

Affirmed. Costs to appellee.

All concurred.

MEMORANDUM OPINION (ON REHEARING). This cause is controlled by the recent Supreme Court decision in *Buscaino* v *Rhodes,* 385 Mich 474 (1971), decided after our opinion was issued.

We grant plaintiff-appellant's delayed motion for rehearing and the decision of the trial court is reversed. No costs.